## EX PARTE JOSEPH NEET, Petitioner.

### In Banc, June 30, 1900.

1. **Playing Games on Sunday: BASE BALL.** The game of base ball can not be classified as among the "games" mentioned in the statute which says that "every person who shall be convicted of horse racing, cock fighting, or playing at cards or games of any kind, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor."

2. **Sunday Base Ball.** There is no law in this State which prevents the playing of base ball on Sunday.

3. **Habeas Corpus:** BASE BALL PLAYING ON SUNDAY. *Habeas corpus* will lie where the petitioner has been imprisoned without authority of law or for an offense which has not been made an offense against the law. And in this case, where the petitioner was convicted in the criminal court on the charge of playing base ball on Sunday and committed to jail, *habeas corpus* is held to be an available remedy for obtaining his discharge, because his act was not in contravention of any existing law.

## *Habeas Corpus.*

PETITIONER DISCHARGED.

*John S. Blackwell & Son* and *William Aull* for petitioner.

(1) Penal statutes are *strictissimi juris,* must be strictly construed against the state and for the benefit of the citizen. Rozelle v. Harrison, 103 Mo. 339; St. Charles v. Hackman, 133 Mo. 634; Potter's Dwarris on Statutes and Const., pp. 48, 247; Sutherland on Stat. Const., sec. 208; Sedgwick on Stat. Const., p. 267; Endlish on Interp. of Stat., secs. 85 and 358. They should not be extended or enlarged by judicial construction so as to embrace offenses or persons not plainly within their terms. State v. Reid, 125 Mo. 43. No one should be made subject to the provisions of criminal or penal statutes by implication. State v. Bryant, 90 Mo. 534; State v. Gritzner, 134 Mo. 512; State v. Howard, 137 Mo. 289. Criminal and penal statutes are *non elastic* and only such transactions are covered by them as are within their spirit and letter. State v. Schuchmann, 133 Mo. 111; State v. Gritzner, *supra.* Where there is a doubt the statute ought not to be construed to inflict a punishment the legislature may not have intended. Endlish on Inter. of Stat., ch. 12; Sutherland on Stat. Constr., sec. 353; In Schooner Enterprise, 1 Paine 32; Wright v. Co., 50 Wis.

167. (2) When general words follow particular ones in a statute the general words will be limited in their meaning and restricted to things of a like kind and nature with those specified. State v. Bryant, 90 Mo. 535; St. Louis v. Laughlin, 49 Mo. 559; St. L. A. & M. Ass'n v. Delano, 108 Mo. 217; State v. Kruger, 134 Mo. 262; Bishop on Stat. Crimes, sec. 245; Dart v. Bayley, 110 Mo. 42; State v. Schuchmann, *supra*; State ex rel. v. May, 106 Mo. 488; State v. South, 136 Mo. 663; State v. Dinnesse, 109 Mo. 438; Sutherland on Construction, secs. 218, 219, 246, 262, 268, 429; Lyndon v. Standbridge, 2 H. & N. 51; Broom's Legal Maxims (6 Ed.), 625. If these rules of construction be applied to the statute and to the general words "games of any kind" it will clearly appear that athletic games or sports are not included therein, but only games of chance or games of a demoralizing tendency. (3) A game of baseball is an athletic game or sport, a game of skill, and not a game of chance nor a game of a demoralizing tendency. 2 Russell on Crimes, sec. 624; State v. Bishop, 8 Ired. 266; Regina v. Dobbs, 4 Ont. Rep., 2 B. D. 390; Regina v. Jamison, 7 Ont. Rep., 2 B. D. 149; Dunham v. Soap Mfg. Co., Sup. at New Brunswick, April 23, 1897; St. L. A. & M. Ass'n v. Delano, 37 Mo. App. 289. If the act complained of is not a crime, and this court has so declared in Association v. Delano, 108 Mo. 221, then petitioner is imprisoned for an act declared to be innocent under the law of the land, without due process of law, and is denied the equal protection of the law in contravention of both State and Federal Constitutions. Art. 2, sec. 16, Const. Missouri; Art. 2, sec. 30 Const. Missouri; Amend. Const. U. S., art. 5; Amend. Const., U. S., art. 14, sec. 1; State v. Hays, 81 Mo. 574. If imprisoned for an alleged crime declared to be an innocent sport by the law of the land the court exceeded its authority and was without jurisdiction so to imprison petitioner. R. S. Mo. 1889, sec. 8954; R. S. Mo. 1899, sec.

4685.    (4) If petitioner be imprisoned for an alleged crime which is not a crime or in violation of the law of the land, in contravention of the law of the land and the provisions of the Constitution, this court will entertain jurisdiction of this proceeding.    Ex parte Page, 49 Mo. 291; Ex parte Bethmen, 67 Mo. 545; Ex parte Marmaduke, 91 Mo. 228; Ex parte Slater, 72 Mo. 102; Ex parte Swann, 96 Mo. 44; Ex parte Smith, 135 Mo. 223; Ex parte Craig, 130 Mo. 590; Ex parte O'Brien, 127 Mo. 447.    (5) In deciding on the propriety of discharging a prisoner on *habeas corpus* though there can be no exercise of appellate jurisdiction, the prisoner may be discharged where the court exceeded its jurisdiction either as to matter, place, sum or person.    Ex parte Page, 49 Mo. 291; Ex parte Craig, 130 Mo. 590; Ex parte Arnold, 128 Mo. 256; R. S. Mo. 1889, sec. 5378; R. S. Mo. 1899, sec. 3578; In re Frederick Knaup, 144 Mo. 665.    (6) The proceeding against petitioner in the criminal court was by information filed by the prosecuting attorney, and this court has recently decided in State v. Brown that petitioner has no remedy by appeal.    He is imprisoned for an alleged crime expressly decided by this court to be an innocent sport and has no other remedy than *habeas corpus*.    Ex parte Marmaduke, 91 Mo. 228; Ex parte Slater, 72 Mo. 102; Ex parte Swann, 96 Mo. 44; Ex parte Smith, 135 Mo. 223; Ex. parte Craig, 130 Mo. 590; Ex parte O'Brien, 127 Mo. 477.

*Edward C. Crow*, Attorney-General, and *Clarence Vivion* for respondent.

(1) The counsel for defendant argue that base ball is not included in the general words, "or games of any kind," and urge the familiar rule of construction in support thereof, that where particular words of a statute are followed by general, as if after the enumeration of classes of persons or

things it is added, "and all others,"—the general words are restricted in meaning to objects of a like kind with those specified.    It might be well to observe that the statute under consideration does not use the words, "and all others,"— but uses the words, "or games of any kind."    But the object of this rule of construction is not to defeat, but to ascertain and carry out the legislative intent, and if the application of the rule in its full strictness would be in the face of the evident meaning of the legislature, the rule will not be applied. Bishop on Stat. Crimes, sec. 246; Woodsworth v. State, 26 Ohio St. 196; U. S. v. Fisher, 2 Cranch, pp. 335-390. (2)    The court will observe that the element of gambling is not made an ingredient of the offense or of the game by the terms of the statute.    This statute under consideration makes the playing of games unlawful, even when unaccompanied by betting, but limits the application of the statute to a particular time, to-wit, Sunday.    Other statutes make certain things an offense when perpetrated in a particular place that otherwise would not be an offense; for instance, section 2162, R. S. 1899, provides "that if any person shall run, or cause to be run, upon any public road or highway in common use in this State, any horse or horses, so as to interrupt travelers thereon, or put to fright the horses or other animals by them ridden or driven, he shall, upon conviction, be adjudged guilty of a misdemeanor," and section 2163 provides "that if two or more persons run their horses in a public road for the purpose of trying the speed of their animals, they shall be guilty of a misdemeanor," and section 2164 provides "that any person shooting at an object or mark at random along or across a public highway shall be adjudged guilty of a misdemeanor."    These statutes are directed at particular acts performed in a particular place and manner, because the running of a horse by a rider or the running of two horses by riders, or the

shooting at a mark in any other place than those named in the statute would be harmless. To restrict the words, "games of any kind," only to games of chance or those of a demoralizing tendency would, in my opinion, be to annul the law instead of executing it, because the General Assembly did not intend to say that only the playing of games of chance or those of a demoralizing tendency should be a violation of the statute. (3) But it is true, and counsel for petitioner admit, that base ball is a game of skill, and the information in this case charges the defendants therefore with playing a game of skill for money, to wit, for the gate receipts; and Mr. McClain on Criminal Law defines gaming, under statutes prohibiting the same, to be "a hazarding of anything of value upon a game; that is, playing a game for a wager." McClain's Crim. Law, sec. 1283; Nebraska v. O'Rourk, 17 L. R. A. 30. Base ball is certainly a game. Webster, p. 111, defines base ball as "a game of ball so called from the bases or points, usually 4 in number, which designate the circuit which each player must make after striking the ball."

MARSHALL, J.—This is a proceeding by *habeas corpus*, instituted by the petitioner, for the purpose of obtaining his discharge from the custody of the sheriff of Lafayette county and from his imprisonment in the county jail, where he is held under a warrant of commitment issued by the criminal court of that county upon a conviction before that court "on a charge of playing base ball on Sunday"—the information simply charging that the petitioner and others therein named "on the 4th day of June, 1899, at the county of Lafayette and State of Missouri, did then and there unlawfully play at a game of ball, commonly called base ball, on the first day of the week, commonly called Sunday, against the peace and dignity of the State," etc.

Among the other persons charged in the information with having played the game of base ball with the petitioner, was one R. Vaughn, who was also convicted. He appealed to the Kansas City Court of Appeals, and that court dismissed the appeal, on the ground that an appeal would not lie from a conviction upon an information. [State v. Vaughn, 3 Mo. App. Reporter, 268.]

Two questions are presented by this case: first, is it unlawful in Missouri to play a game of base ball on Sunday; and, second, is *habeas corpus* an available remedy to one convicted and imprisoned for so doing?

I.

Section 2242, Revised Statutes 1899, is relied on as furnishing support for the conviction in this case. That section is as follows: "Every person who shall be convicted of horse racing, cock fighting, or playing at cards or games of any kind, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding fifty dollars." This section (then section 1580, R. S. 1879), was construed by the Kansas City Court of Appeals in the case of State v. Williams, 35 Mo. App. 541, to prohibit playing a game of base ball on Sunday. It was conceded that games of base ball are not within the express prohibition of the statute, and it was likewise conceded that "where particular words of a statute are followed by general—as if after the enumeration of classes of persons or things, it is added, 'and all others,'—the general words are restricted in meaning to objects of the like kind with those specified." But it was held that the words, "or games of any kind," must be construed to embrace games of base ball, because the statute "was evidently intended to prevent a desecration of the Sabbath, by restraining the

doing of those things which are offensive to a Christian community, *by being done on that day*," and that "the statute was not aiming to prevent the doing of things immoral *per se*, or the tendency of which is immoral, as the inhibition is not against gambling or betting on the games, but merely against the doing the act on that day, though it be not immoral or tending to immorality."

At the same (March) term, 1889, the St. Louis Court of Appeals in the case of St. L. Agrl. & Mech. Ass'n v. Delano, 37 Mo. App. l. c. 289, held that section 1580, R. S. 1879 (now sec. 2242, R. S. 1899), only prohibited "games of chance or other games of an immoral tendency, and that it does not involve a prohibition of athletic games or sports, which are not of an immoral tendency, but which tend to the physical development of the youth, and are rather to be encouraged than discouraged." It was also held that the general words, "or games of any kind," must be construed to mean games of the same kind as the games specially designated in the statute. It was accordingly held that a contract made by the defendants, as members of the Amateur Athletic Association, with the plaintiff for the use of the fair grounds for the purpose of playing athletic games and sports thereon, on Sunday, was a valid contract. But as the decision was in conflict with the decision of the Kansas City Court of Appeals, in State v. Williams, *supra*, the case was certified to this court. [St. L. Agrl. & Mech. Ass'n v. Delano, 108 Mo. 221.] This court held that there is no statute in this State which prohibits athletic games and sports on Sunday, unless section 3854, R. S. 1889 (formerly sec. 1580, R. S. 1879, and now sec. 2242, R. S. 1899), does so, and after citing that section, said: "But these prohibitions are evidently leveled against sports and games that have a demoralizing tendency, and do not extend to mere athletic sports. Besides, this section is penal, and there-

fore, to be strictly construed.    [Howell v. Stewart, 54 Mo.
400; Fusz v. Spaunhorst, 67 Mo. 256."]    And then added:
"But, further:   In this instance, the words, 'or games of
any kind,' fall under the rule which prescribes that where
general words follow particular ones, they are to be con-
strued as applicable to things or persons of a like nature.
State v. Bryant, 90 Mo. 534, and cases cited; St. Louis v.
Laughlin, 49 Mo. 559."   The decision of the St. Louis Court
of Appeals was approved and affirmed, and while the de-
cision of the Kansas City Court of Appeals in State v. Wil-
liams, *supra,* was not expressly overruled or disapproved, it
was referred to as the basis of the action of the St. Louis
Court of Appeals in certifying the case to this court, and
therefore the Williams case must be regarded as overruled.

Section 2242, R. S. 1899, has been on the statute books
of Missouri, in exactly the same words, ever since 1835:
R. S. 1835, Title, Crimes and Punishments, sec. 30, p. 209;
R. S. 1845, sec. 33, p. 405; R. S. 1855, sec. 35, p. 631;
R. S. 1865, sec. 34, p. 819; R. S. 1879, sec. 1580; R. S.
1889, sec. 3854.

Playing a game of base ball on Sunday (or on any other
day) could not have been in the minds of the lawmakers
when this provision of law was enacted in 1835, for the very
simple reason that such a game was wholly unknown to art
at that time.

The doctrine of *ejusdem generis* is as rock-ribbed in the
law of this State as any principle ever announced.   As ap-
plied to penal statutes especially, it is only a humane doc-
trine, and accentuates the wisdom of the fathers when they
objected to being punished for offenses which had not been
declared to be offenses by the law.   It observes the re-
spective rights of the different co-ordinate branches of the
government, by requiring the legislature to enact laws and
the judiciary to enforce but not create the laws—not even

by construction. Base ball does not belong to the same class, kind, species or genus as horse racing, cock-fighting, or card playing. It is to America what cricket is to England. It is a sport or athletic exercise, and is commonly called a game, but it is not a gambling game nor productive of immorality. In a qualified sense it is affected by chance, but it is primarily and properly a game of science, of physical skill, of trained endurance and of natural adaptability to athletic skill. It is a game of chance only to the same extent that chance or luck may enter into anything man may do. But when chance or luck is pitted against skill and science, it is as fair an illustration of what will result as any test that could be applied.

If the view of the Williams case had been adopted, this statute would have been elastic enough to cover every game that ever was or ever will be invented, no matter whether it was harmless, promotive of physical or mental development or deleterious to both. It would prevent games of chess, backgammon, jacks, authors, proverbs, faro, keno and poker alike, and when played on Sunday any one would have been as illegal as any other. Such a construction would have curtailed many of the pleasures of many of our people, without elevating them or improving their moral tone. Until the lawmakers expressly provide for such sweeping changes in the lives and customs and habits of our people, it is not proper for the courts by construction to impair their natural rights to enjoy those sports or amusements that are neither *mala in se* nor *mala prohibita*—neither immoral nor hurtful to body or soul. We therefore conclude that there is no law in this State which prevents playing a game of base ball on Sunday, and therefore the defendant is imprisoned for the doing of an act which is not unlawful, and therefore the imprisonment is wrongful.

II.

The only remaining question is, whether *habeas corpus* is a proper remedy.

The rule must now be regarded as settled in this State that if a person is imprisoned for an act which is not in contravention of any existing law, or if the act under which he is held is unconstitutional, *habeas corpus* is a proper remedy to restore to him his freedom of which he has been improperly and illegally deprived. [Ex parte Slater, 72 Mo. 102; Ex parte Arnold, 128 Mo. 256; Ex parte O'Brien, 127 Mo. 477; Ex parte Craig, 130 Mo. 590; Ex parte Smith, 135 Mo. 223.]

The underlying reason is that an unconstitutional act is no law at all, and that no court has a right to imprison a citizen who has violated no law of the State, but that such act, even if done by a court under the guise and form of law, is as subversive of the right of the citizen as if it was done by a person not clothed with authority, and hence it is the duty of this court, under section 3 of article 6 of the Constitution, to discharge him by means of a writ of *habeas corpus*. This, too, irrespective of any other relief which may be available to him. For it is the very purpose of this writ to restore freedom to those who have been deprived of it without warrant or authority of law. Of course it will be understood that *habeas corpus* will not be allowed to perform the functions of a writ of error or an appeal, but will only lie where the imprisonment is absolutely without authority of law or for an offense which has not been made an offense against the law, or where the act under which he is imprisoned is unconstitutional, and therefore it is no law at all. This is the plain meaning of sections 5375 and 5378, Revised Statutes 1889.

For these reasons the petitioner is discharged from cus-

tody as prayed. All concur, as to 1st paragraph, and *Gantt, C. J., Sherwood* and *Burgess, JJ.,* concur, also, as to 2d paragraph; *Robinson, Brace* and *Valliant, JJ.,* dissent as to 2d paragraph.