STATE OF MISSOURI ex rel. FERDINAND I. KNITTEL, Appellant, v. C. F. LONGFELLOW, Respondent.

St. Louis Court of Appeals, March 18, 1902.

Commissioner of Buildings: POWER OF COMMISSIONER OF BUILDINGS IN THE CITY OF ST. LOUIS TO REMOVE SUBORDINATE FROM OFFICE: CONSTRUCTION OF ORDINANCE OF THE CITY OF ST. LOUIS. Under the provisions of section 14, article 4, chapter 1 of the municipal code of the city of St. Louis, the commissioner of buildings in the city of St. Louis can remove from office, at his pleasure, a building inspector theretofore appointed by him.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

State ex rel. v. Longfellow.

*Leverett Bell, Carl Otto* and *Paul Reiss* for appellant.

(1) Mandamus is the appropriate remedy for the wrong complained of herein. State v. County Court, 41 Mo. 545; State v. Walbridge, 153 Mo. 494. (2) Under the facts of this case and the law applicable thereto, a peremptory writ of mandamus should have been issued as prayed for. State v. St. Louis, 90 Mo. 19; State v. Brown, 57 Mo. App. 199; St. Louis v. Laughlin, 49 Mo. 559; Ex parte Neet, 157 Mo. 527.

*Chas. W. Bates* and *A. Nicholson* for respondent.

(1) Relator was not an officer, merely an assistant or employee, having neither a definite term nor an annual salary, and was subject to removal at the pleasure of the commissioner of public buildings. Charter of the City of St. Louis, secs. 14, 43, art. 4; Ord. of the city of St. Louis, No. 18964, sec. 1; Ord. of the city of St. Louis, No. 19908, sec. 1f, 1a, 1b; Duff v. Karr, — Mo. App. —; Ex parte Hannon, 13 Peters (38 U. S. A.) 230; Ex parte Wall, 107 U. S. 265; Peters v. Bell, 26 So. Rep. 442; State ex rel. v. Johnson, 123 Mo. 43. (2) Relator was subject to removal by commissioner of public buildings and the president of the board of public improvements whenever, in the judgment of the commissioner of public buildings, the interests of the city required it. Municipal Code (Ord. 19991), sec. 12. (3) More than eight months having elapsed between the removal of relator from his position and the institution of any proceedings looking to his reinstatement, his right to relief, as prayed for, is barred by his laches. People ex rel. v. Welde, 59 N. Y. Sup. 1039; People ex rel. v. Justices, 85 N. Y. Sup. 334.

BLAND, P. J.—This is a mandamus proceeding commenced in the circuit court of the city of St. Louis, July 17, 1901.

The material averments of the petition are that defendant, as commissioner of public buildings of the city of St. Louis, appointed relator to the office of building inspector on January 5, 1900, for a term of four years; that his appointment was approved by the mayor of said city; that he executed his official bond in the sum of five thousand dollars for the faithful discharge of his duties as such inspector, which was duly approved by the mayor and city council, and that relator thereupon entered upon the discharge of his duties as such inspector and continued the performance thereof until the thirty-first day of October, 1900, after which date the defendant refused to recognize him as inspector or to assign him to duty or to permit him to perform the functions of his office.

An alternative writ of mandamus was issued on the petition to which defendant made return admitting the existence of the office of commissioner of public buildings in the city of St. Louis and that defendant was the incumbent of that office; pleaded the right of defendant as building commissioner to remove the relator under the provisions of certain specified ordinances of the city and averred that "relator was not appointed for a term of office, and alleging that the interests of the city required the relator's removal because the appropriation of public funds for the department of public buildings was insufficient, and further alleging that the relator was not at any time an officer of the city of St. Louis or in possession of an office, but was a mere employee of the city and an assistant of the defendant and removable at his pleasure, and further, that defendant had slept upon his rights for a time that should bar his right to a judgment herein."

The return was denied by a reply.

On the hearing, relator read in evidence the appointment dated January 5, 1900, and his duly-approved official bond for the faithful discharge of his duties as inspector in the penal sum of five thousand dollars, reciting that he had been ap-

pointed for a term ending on the first Tuesday in April, 1903.

The following letter, dated October 31, 1900, was also given in evidence:

"Mr. Ferdinand I. G. Knittel, City.

"Dear Sir: You are hereby notified that your services as inspector of buildings will not be required by the city of St. Louis after October 31, 1900, and the undersigned being of the opinion that the interests of the city require it, do hereby, under the provisions of section 12 of the municipal code of St. Louis, remove you from your said employment and position of inspector, such removal to take effect at the time aforesaid.

"Respectfully,
"L. C. F. Stemme,
"Deputy Commissioner of Public Buildings.
"Approved: Robt. E. McMath, President."

Relator read in evidence ordinance No. 20152, showing an appropriation for the fiscal year ending April 8, 1901, of thirteen thousand nine hundred dollars for salaries of commissioner of public buildings, deputy, inspectors, clerk and draughtsman for said year. Of this sum, it was agreed by counsel there was unexpended November 1, 1900, five thousand and ninety-one dollars and sixty-nine cents; on February 1, 1901, two thousand two hundred and sixteen dollars and seventy cents; and on March 1, 1901, nine hundred and fifty-eight dollars and thirty-seven cents.

Relator also gave evidence that immediately on his appointment and approval of his bond he took the oath of office and entered upon the discharge of the duties of his office and performed the same until October 31, 1900, and that thereafter he was not permitted by defendant to perform any of the duties of inspector of buildings although he had tendered

his services to the defendant from day to day. That he had sued the city before a justice of the peace for his salary of one hundred dollars per month for the months of November and December, 1900, and the month of January, 1901, and obtained a judgment for three hundred dollars, from which the city had taken an appeal to the St. Louis City Circuit Court where the cause was then pending.

Relator also read in evidence certain ordinances of the city of St. Louis which will be noticed further on.

Defendant offered evidence that in the absence of Longfellow, the defendant and commissioner of buildings, from the city, Stemme, the deputy commissioner, wrote and caused to be delivered the above letter of discharge to the relator, for the reason that he apprehended that the annual appropriation for salaries in the department of public buildings would not hold out to the end of the fiscal year unless a reduction in the number of building inspectors was made.

Defendant also read in evidence sections 25 and 26 of the municipal code, to be hereafter noticed, and rested his case.

The court denied a peremptory writ of mandamus and entered judgment for defendant, from which, after taking the necessary preliminary steps, relator duly appealed.

The relator was discharged without cause, that is, without charges being first preferred against him and without notice of such charges and without an opportunity to be heard.

I. Relator's contention is, that he is an appointed officer of the city of St. Louis within the meaning of section 43, article 4, of the charter and for this reason can be removed for cause only. An officer is by the above section declared to "include all persons holding any situation under the city government or its departments with an annual salary or for a definite term of office." The office of inspector of buildings is not provided for by the charter, but by section 45, article

4, of that instrument, the legislative assembly of the city has power, by ordinance passed by a two-thirds vote of the members elect of each house, to create any office not provided for by the charter that it may deem necessary. We must, therefore, look to the ordinances of the city offered in evidence, in relation to the building department of its municipal government, to ascertain whether or not the relator by his appointment as inspector of buildings became an officer of the city.

The original section of the ordinance providing for inspectors of buildings, provided for "five inspectors of buildings to be appointed, by the commissioner of public buildings, to be approved by the mayor, who shall be practical builders and whose salaries shall be payable in monthly installments at the rate of $1,200 per annum each. . . . The first appointments of inspectors of buildings shall be for the term ending on the first Tuesday in April, eighteen hundred and ninety-five, and thenceforward the appointments shall be made for the term of four years." On April 7, 1897, this section was re-enacted without changing the wording except to provide for six instead of five inspectors. On December 23, 1899, the above ordinance was struck out and a new section enacted in lieu thereof, which reads as follows:

"There shall be six inspectors of buildings appointed by the commissioner of public buildings, to be approved by the mayor, who shall be practical builders, and whose salaries shall be one hundred dollars per month each, payable monthly. Said inspectors shall give bond to the city of St. Louis for the faithful performance of their duties in the sum of five thousand dollars each, with two good and sufficient securities, to be approved by the mayor and council. The first appointments of inspectors of buildings shall be for the term ending on the first Tuesday in April, eighteen hundred and ninety-five."

Vol 93, app—24.

This ordinance was approved by the mayor and took effect on January 5, 1900—ten days after its passage.

Section 1334, of the municipal code, provided that "The tenure of any office, or accountability of any officer of the city, shall not be affected by the repeal of any ordinance, clause or provision, unless it be otherwise expressly provided in the repealing ordinance."

The ordinance of December 23, 1889, was operative when respondent renewed his appointment and was the only ordinance of the city authorizing his appointment. He, therefore, held his position by virtue of this ordinance and his appointment thereunder. The ordinance provides for neither an annual salary nor for a definite term. An appointee under this ordinance would not, therefore, be a city officer unless the provisions of the former ordinance as to salary and term were preserved and continued in force by section 1334, supra. It is difficult to understand just what is meant by this section, in regard to tenure of office, but we apprehend that the purpose of the ordinance was to prevent the repeal of the term of an office created by one ordinance by repealing or amending another ordinance, the effect of which would be, by implication or by fair construction, to affect the term of the office created by the other ordinance but not mentioned or referred to by the amendatory or repealing ordinance and not that an ordinance creating an office could not be amended so as to eliminate the feature creating the office, without expressly declaring that to be the purpose and aim of the amendment, or that an ordinance, as was the case in this instance, creating an office could not be repealed and a new one enacted in lieu of it leaving out the clause creating the office. If such was the purpose, the ordinance is an unwarranted abridgment upon the freedom of the municipal assembly to legislate in the manner and under the rules which govern the procedure of legislative bodies. We conclude that the relator was not an officer of the city of St. Louis.

II. It is next contended that, admitting respondent was not an officer of the city, he could not be removed in a summary manner. In support of this contention relator introduced in evidence and relies on articles 2 and 4, chapter 1, of the municipal code.

Article 2 provides for the appointment of a commissioner of public buildings, prescribes his duties, etc. Section 10, of the article, authorized him to appoint janitors for certain public buildings and such other assistants not to exceed nine for the city hall, five for the courthouse and six for the four courts as may be necessary, and one night watchman for each of said buildings. Section 11 gives him power to appoint all engineers for the management of stationary boilers in public buildings and institutions of the city, except such as are under the control of certain boards. All of these appointees are subject to the approval of the mayor and the president of the board of public improvements. Janitors and night watchmen are required to give bond to the city for the faithful discharge of their duties. The salary of a janitor is fixed at eight hundred and forty dollars per annum, payable monthly, and the salary of night watchman at six hundred dollars each per annum, payable monthly. The engineers' compensation is by the month.

Article 4, of the chapter, contains over two hundred sections. Among them is a section making it the duty of the commissioner to inspect all buildings. Provision is made for the appointment of a deputy commissioner whose powers and duties are defined. Section 30, of this article, is ordinance No. 19908, of December 23, 1899, supra.

Section 12, article 2, of the chapter reads as follows: "All appointments of janitors, engineers or other persons by the commissioner of public buildings, shall be subject to the approval of the mayor and president of the board of public improvements, and may be removed by the mayor for cause, or by the commissioner and president of the board of public

improvements whenever the interests of the city require it, but nothing herein contained shall be so construed as to mean that the janitors shall not personally perform their full share of the duty of keeping said buildings clean and in good condition."

Section 14, article 4, of the city's charter provides that, "The assistants of any officer shall hold their position during good behavior unless otherwise provided by ordinance, but may be removed for cause by the mayor, or by the officer under whom they work, at his pleasure."

The defendant relies upon the above ordinance and provisions of the charter, as conferring on him the power to remove the respondent without cause. We do not think the ordinance affords the authority claimed by defendant. The phrase "or other persons," following the mention of janitors and engineers in the second line of the section, has reference to employees in the same class of employment, such as assistant janitors and engineers, and can not be construed to include employees not theretofore mentioned in the section or article and whose employment is altogether of a different character and whose duties are entirely dissimilar. Building inspectors are not *ejusdem generis* with janitors and, hence, do not come within the purview of this section of the ordinance. St. Louis v. Laughlin, 49 Mo. 559; Ex parte Joseph Neet, 157 Mo. 527.

Section 14, supra, of the charter authorizes the defendant to remove respondent if he was an assistant working under the respondent within the meaning of this section.

Section 24, article 4, chapter 1, of the municipal code, transfers the duty of inspecting buildings from the chief of the fire department to the commissioner of public buildings.

Section 29, of the article provides for one chief inspector to be appointed by the commissioner, to be approved by the mayor, at a salary of one hundred and twenty-five dollars per month.

The next section (30) provides for six inspectors of buildings at a salary of one hundred dollars per month. The duty to be performed by these inspectors is one of the duties imposed by ordinance on the commissioner, to-wit, to inspect all buildings. They are therefore assistants of the commissioner doing work under him as his subordinates and subject to removal at his pleasure under the provisions of section 14, supra, of the charter.

The judgment is therefore affirmed. *Barclay* and *Goode, JJ.,* concur.