STATE ex rel. JOHN MAGNER, Respondent, v. C. F. LONGFELLOW, Appellant.

St. Louis Court of Appeals, July 22, 1902.

This decision follows State ex rel. Knittel v. Longfellow, 93 Mo. App. (St. L.) 364 (67 S. W. 665), and State ex rel. Bartraw v. Longfellow, 95 Mo. App. 660.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED AND REMANDED.

*Charles W. Bates* and *Alex. Nicholson* for appellant.

(1) Estoppel can not be invoked against the public. Herdelberg v. St. Francois Co., 100 Mo. 69; Sturgeon v. Hampton, 88 Mo. 203; Drainage District v. Daudt, 74 Mo. App. 579. (2) No person has a vested right in a public office. Primm v. Carondelet, 23 Mo. 22; State ex rel. v. Davis, 44 Mo. 129; Givens v. Daviess Co., 107 Mo. 603. (3) At the time of respondent's removal he was not an officer, but an assistant, and was removable without charges by the head of the department in which he was employed. Ordinance 18964, approved April 7, 1897; Charter of St. Louis, art. 4, sec. 14. (4) All parts of a law must be read and construed together and meaning given to them all in order to ascertain the true meaning of the whole law. State ex rel. v. Marion Co. Court, 128 Mo. 427.

*Leverett Bell* and *Carl Otto* for respondent.

(1) Mandamus is the remedy for the wrong complained of herein. State v. County Court, 41 Mo. 545; State v. Walbridge, 153 Mo. 194. (2) Under the facts of this case and the law applicable thereto, a peremptory writ of mandamus was properly issued. State v. St. Louis, 90 Mo. 19; State v. Brown, 57 Mo. App. 199; St. Louis v. Laughlin, 49 Mo. 559; Ex parte Neet, 157 Mo. 527.

PER CURIAM.—This is an appeal by defendant from a judgment awarding a peremptory writ of mandamus. Relator was an inspector of buildings in the department of the commissioner of public buildings in the city of St. Louis, and the facts of his case are identical with those described in the opinion of the court in State ex rel. Bartraw v. Longfellow, 95 Mo. App. (St. L.) 660. Relator in this action was appoint

ed and was removed on the same dates and in the same manner as was Mr. Bartraw, the relator in the other action.

Following that decision and the earlier one of State ex rel. Knittel v. Longfellow, 93 Mo. App. (St. L.) 364, (67 S. W. 665), the judgment in the case at bar is reversed and the cause remanded with directions to enter judgment denying the peremptory writ, with costs.