STATE of Missouri, Respondent,

v.

Charles D. McKINNEY, Appellant.

STATE of Missouri, Respondent,

v.

Charles D. McKINNEY, Appellant.

STATE of Missouri, Plaintiff–Respondent,

v.

TRADER BOB'S, INC., Defendant–Appellant.

Nos. 69956 to 69958.

Supreme Court of Missouri, En Banc.

July 26, 1988.

Rehearing Denied Sept. 13, 1988.

Christine A. Gilsinan, Daniel R. Devereaux, St. Louis, for appellant.

Kurt D. Schultz, Asst. Circuit Atty., George A. Peach, Circuit Atty. for the City of St. Louis, St. Louis, for respondent.

HIGGINS, Judge.

Charles D. McKinney was convicted in case No. 69956 of two counts of promoting pornography in the second degree in violation of section 573.030, RSMo 1978, and was sentenced to 180 days imprisonment and fined $1000 on Count I and sentenced to 1 year imprisonment and fined $1000 on Count II; the sentence on Count II was suspended and defendant placed on 2 years probation. He was convicted in case No. 69957 of nine counts of promoting pornography in the second degree in violation of section 573.030, RSMo 1978, and was sentenced to 30 days in prison and fined $1000 on each of the nine counts. Trader Bob's, Inc., the corporate owner of the adult bookstore in *State v. McKinney*, 756 S.W.2d 527 Nos. 69956 and 69957, was convicted in case No. 69958 of six counts of promoting pornography in the second degree in violation of section 573.030, RSMo 1978, and was fined a total of $30,000. The appeals were transferred to this Court by the Court of Appeals, Eastern District, for answer to appellants' claim that under the decisions in *Pope v. Illinois*, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), and *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the definition of "pornographic" embodied in section 573.-010 is unconstitutional. The appeals are re-transferred.

In *Miller* the United States Supreme Court set out a tripartite test to be used in the determination whether material is obscene. *Id.*, 93 S.Ct. at 2615. The third part of the *Miller* test requires the fact finder to decide whether the material in question "taken as a whole" lacks serious literary, artistic, political or scientific value. *Id.*

In *Pope*, the court had to decide whether, in a prosecution for the sale of allegedly obscene materials, the jury may be instructed to apply community standards in deciding the value question contained in the third part of the *Miller* test. The court held that the value of an allegedly obscene work is not to be determined by reference to community standard, but by determina-

tion whether a reasonable person would find such value in the material, taken as a whole. *Pope*, 93 S.Ct. at 1921.

The statutes provide:

**573.010. Chapter definitions.**—As used in this chapter

(1) **"Pornographic"**, any material or performance is "pornographic" if, considered as a whole, applying contemporary community standards:

(a) Its predominant appeal is to prurient interest in sex; and

(b) It depicts or describes sexual conduct in a patiently offensive way; and

(c) It lacks serious literary, artistic, political or scientific value.

In determining whether any material or performance is pornographic, it shall be judged with reference to its impact upon ordinary adults; . . . .

\*   \*   \*   \*   \*   \*

**573.030. Promoting pornography in the second degree.**—1. A person commits the crime of promoting pornography in the second degree if, knowing its content and character, he:

(1) Promotes or possesses with the purpose to promote any pornographic material for pecuniary gain; or

(2) Produces, presents, directs or participates in any pornographic performance for pecuniary gain.

2. Promoting pornography in the second degree is a class A misdemeanor.

The definition of "pornographic" and the offense of promoting pornography in the second degree have been repealed by the legislature. Section 573.010(8), RSMo Supp.1987, formerly section 573.010(1), RSMo 1978, now provides:

(8) **"Obscene"**, any material or performance is obscene if:

(a) Applying contemporary community standards, its predominant appeal is to prurient interest in sex; and

(b) Taken as a whole with the average person, applying contemporary community standards, it depicts or describes sexual conduct in a patently offensive way; and

(c) Taken as a whole, it lacks serious literary, artistic, political or scientific value. Obscenity shall be judged with reference to its impact upon ordinary adults; . . . .

Section 573.010(8) became effective July 15, 1987, by emergency act to maintain state law in compliance with federal law. Also effective July 15, 1987, by the same act is a new section 573.030, RSMo Supp. 1987, which provides:

**573.030. Promoting obscenity in the second degree.**—1. A person commits the crime of promoting pornography for minors or obscenity in the second degree if, knowing its content or character, he:

(1) Promotes or possesses with the purpose to promote any obscene material for pecuniary gain; or

(2) Produces, presents, directs or participates in any obscene performance for pecuniary gain; or

(3) Promotes or possesses with the purpose to promote any material pornographic for minors for pecuniary gain; or

(4) Produces, presents, directs or participates in any performance pornographic for minors for pecuniary gain.

2. Promoting pornography for minors or obscenity in the second degree is a class A misdemeanor unless the person has pleaded guilty to or has been found guilty of an offense under this section committed at a different time, in which case it is a class D felony.

Appellants argue that under *Pope* the statute under which the convictions were obtained is unconstitutional on its face, therefore the convictions must be set aside. They also argue that because the statute is unconstitutional the harmless error doctrine, *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), is not applicable.

Here, as in *Pope*, the statute under which appellants were convicted is no longer in effect and has been replaced by a statute that no longer prescribes a community standard test for the value question. "Facial invalidity of the repealed statute would not serve the purpose of preventing

future prosecutions under a constitutionally defective standard." *Pope*, 197 S.Ct. at 1921. If this Court should find the repealed statute facially invalid and reverse appellants' convictions, appellants could still be tried under the new statute because they could not claim that the repealed statute failed to give them notice that the sale of obscene materials would be prosecuted. *Id.*

■ An information is jurisdictional in the sense that if it fails to charge a crime the court acquires no jurisdiction to proceed and whatever transpires after its filing is a nullity. *State v. Brooks*, 507 S.W.2d 375 (Mo.1974). No indictment or information shall be invalid, nor shall the trial judgment or other proceedings thereon be stayed, however, because of any defect which does not prejudice the substantial rights of the defendant. Rule 23.11.

Appellants do not claim absence of notification of the crimes charged or that the information lacked definiteness and certainty. Appellants claim only that their convictions are void because the statute under which they were convicted contained a test which was held unconstitutional in *Pope*. In *Pope* the United States Supreme Court specifically addressed the proper standard to apply to the value question and application of the harmless error doctrine. The constitutionality of the crime of pornography was not at issue. Appellants were charged and convicted of a crime that is still a crime under the new statute. The Supreme Court decision in *Pope* did not change this aspect of appellants' cases.

■ A person may not be imprisoned for an act which is not in contravention of any existing law or an act which is held unconstitutional. *Ex Parte Neet*, 157 Mo. 527, 57 S.W. 1025 (1900); *Osborne v. Owsley*, 257 S.W.2d 691 (Mo.App.1953). Neither of these situations occurred in these cases. Appellants were convicted of a crime which was known at the time of commission and is a crime at present. Appellants' substantial rights were not violated at any time during the proceedings because they were put on notice of the crime charged; the indictments were reasonably understandable, definite and certain; appellants were represented by counsel; the cases were supervised by an impartial judge; and appellants had an opportunity to present evidence and argue in support of their innocence. *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); Rule 23.11.

In these circumstances, there is no reason to order retrials if it can be said beyond a reasonable doubt that the convictions in these cases were not affected by the erroneous wording of the statute. An otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt. *Rose*, 106 S.Ct. at 3105.

Accordingly, these appeals are retransferred to the Court of Appeals, Eastern District, for consideration of harmless error and any other of appellants' points that may be ripe for review.

BILLINGS, C.J., and ROBERTSON and RENDLEN, JJ., concur.

DONNELLY, J., concurs in separate opinion filed.

WELLIVER, J., dissents in separate opinion filed.

BLACKMAR, J., dissents and concurs in separate dissenting opinion of WELLIVER, J.

DONNELLY, Judge, concurring.

The issue of obscenity "has proved uniquely stubborn and resistant. * * * Indeed, the idea of regulating obscenity by law while permitting case by case challenges in the courts sometimes seems like an invention of the Devil designed to embarrass and unhinge the legal system." H. Kalven, *A Worthy Tradition* 34 (1988).

The issue of obscenity remains relatively unaddressed outside the United States Supreme Court. This is unfortunate; but it is not happenstance.

In *New State Ice Co. v. Liebmann*, 285 U.S. 262, 311, 52 S.Ct. 371, 386–387, 76

L.Ed. 747 (1932) (Brandeis, J., dissenting), Justice Brandeis observed that denial of the right of the States to experiment "may be fraught with serious consequences to the Nation. It is one of the happy incidents of the federal system that a single courageous State may, if its citizens choose, serve as a laboratory; and try novel social and economic experiments without risk to the rest of the country."

However, in *Cooper v. Aaron*, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958), the Court ignored the wisdom of Brandeis and declared that its interpretations of the Constitution in a particular case in one State constitute the "supreme law of the land" under Article VI of the Constitution and are of binding effect in all of the States. In *North Carolina v. Butler*, 441 U.S. 369, 376, 99 S.Ct. 1755, 1759, 60 L.Ed.2d 286 (1979) the justices confirmed that the *Cooper* assertion must be "read for all its worth, as a statement that the Constitution is only and always what the Supreme Court says it is." L. Tribe, *American Constitutional Law* 32 (1978).[1]

If free of the *Cooper* and *Butler* and *Miller* constraints, I would hold that the freedom to communicate obscenity to prior consenting adults is absolute but "would give recognition to an overriding concern where state interests of protecting children[2] and unconsenting adults[3] were involved." *State v. All Star News Agency, Inc.*, 580 S.W.2d 245, 248–249 (1979) (Donnelly, J., concurring). *Cf. State v. Henry*, 302 Or. 510, 732 P.2d 9 (1987).

I concur.

**WELLIVER, Judge, dissenting.**

I respectfully dissent.

I find no evidence that non-consenting adults or children were involved in these cases. Under Mo. Const. art. I, § 8, I

would hold that our constitution is broader than the U.S. Constitution and that as to consenting adults the freedom of speech is absolute, and § 573.010, RSMo 1978, is unconstitutional in its application. In cases involving children and non-consenting adults, I would follow the reasoning of *Pope v. Illinois*, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), and *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), in construing our constitution.

---

1. If, as is stated in its Preamble, the Constitution was ordained and established by the *people,* the inevitable question is: Should the people continue to permit the justices to speak with finality as to the extent of their own power?

2. It would seem that the States "may make proper and careful differentiation between adults and children." *Ginsberg v. New York*, 390 U.S.

629, 673, 88 S.Ct. 1274, 1297, 20 L.Ed.2d 195 (1968) (Fortas, J., dissenting).

3. It would seem that the States should be permitted to protect the right of unconsenting adults to be let alone. Warren & Brandeis, *The Right to Privacy*, 4 Harv.L.Rev. 193 (1890).