**Robert WILBORN, Respondent,**

v.

**Cecil WILLIAMS, a sole trader d/b/a Ace Log & Lumber Company, Appellant.**

**No. KCD 27901.**

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

Larry E. Tate, Boonville, for appellant.

Scott O. Wright, Brown, Wright, Willbrand & Simon, Columbia, for respondent.

Before SOMERVILLE, P. J. and WASSERSTROM and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Plaintiff (hereinafter referred to as employee) prevailed in a jury tried two count action against defendant (hereinafter referred to as employer) for unpaid commissions (Count I) and unpaid wages (Count II) involving purchases of timber.

Employer seeks reversal of the judgments and remand for a new trial because (1) "Plaintiff's Exhibit # 15 Was Not the Best Evidence and the Court Erred in Admitting Same", and (2) "The Closing Argument of Counsel for Plaintiff Was so Prejudicial As to Deprive Defendant of a Fair and Impartial Trial."

The first point, which relates solely to employee's claim for unpaid wages, arises in the following context. The claim for unpaid wages centered around certain weekends during which employee claimed he worked for employer but for which he was never compensated. Employee orally testified that during the overall period of his employment he worked every weekend, with certain exceptions delineated by dates, for which he was never compensated as initially agreed to between himself and his employer. After orally testifying, without objection, as to the weekends he did and did not work during the overall period of his employment, employee identified what has been designated as Plaintiff's Exhibit No. 15. The controversial exhibit, with one glaring exception, was a written recapitulation of employee's oral testimony regarding the weekends during which he did and did not work throughout the course of his employment. The glaring exception being that the exhibit, as opposed to employee's oral testimony, listed an additional weekend during which employee had not worked. The same was admitted into evidence over employer's objection that it was not the "best evidence". Employer's objection to Plaintiff's Exhibit No. 15 on the ground that it was not the "best evidence" was posited on the fact that preliminary cross-examination of employee by employer's counsel revealed that it was prepared from dates marked on a calendar by employee's wife. During trial the calendar's present location was unaccounted for.

Employer does not suggest or intimate that Plaintiff's Exhibit No. 15 was offered for the purpose of proving the contents of the calendar. It is patently obvious that it was offered to identify those weekends during which employee worked for employer within the course of the employer-employee relationship and to substantiate and support employee's oral testimony in that respect. Ergo, employer's objection to the exhibit as not constituting the "best evidence" is not well taken. As pointed out in *Aviation Enterprises, Inc. v. Cline*, 395 S.W.2d 306, 308 (Mo.App.1965), "where the contents of the writing is not directly in issue, although the evidence contained in the writing may bear upon a fundamental issue in the case, . . . the best evidence rule does not apply and . . . secondary evidence may be used without accounting for the original document." Jones in his treatise on evidence explains this somewhat enigmatic aspect of the best evidence rule as follows: "Thus two distinct rules are involved, the one relating to proof of what the instrument contains and the other relating to the probative effect of its recitals. The best evidence rule applies only in the case of the former. So if the writing is admissible to prove the facts which are recited therein, it may or may

not have greater weight than oral testimony of the same facts; but the best evidence rule does not apply, and oral testimony and the writing are equally admissible except as limitations may be imposed by some other exclusionary rule of evidence." 2 Jones on Evidence, § 7.4, p. 96 (6th ed. 1972).

■ Assuming, arguendo, that employer had lodged a valid objection to said exhibit, the following undisputed fact militates against employer's reliance upon the admission of said exhibit as an ironclad ground for appellate relief. During his oral testimony employee stated that he worked every weekend except three. The controversial exhibit not only disclosed that employee failed to work the three weekends mentioned in his oral testimony, but also disclosed an additional weekend during which employee had not worked. As held in *Young v. Griesbauer,* 183 S.W.2d 917, 920 (Mo.App.1944), "the law is settled that an appellant cannot be heard to complain of errors committed in his own favor or by which he is not prejudiced." No solace is found for employer in his first point.

■ By way of his second and final point, employer contends that "[t]he closing argument of counsel for plaintiff was so prejudicial as to deprive defendant of a fair and impartial trial." Suffice it to say, the complained of portions of the closing argument contained certain epithets, "mad" and "bullheaded", directed towards employer. It is important, however, to place the complained of portions of the closing argument of employee's counsel in proper perspective. Doing so requires taking cognizance of the undeniable fact that employer failed to object to the matters presently complained of during the course of the argument. His first objection thereto was asserted in his motion for new trial and rejected by the trial court. As employer failed to object to the epithets when they were cast by employee's counsel during closing argument, the trial court was precluded any opportunity to timely redress their belatedly alleged prejudicial effect. Under these circumstances, employer is deemed to have waived any right to complain about them on appeal. See *Speicher v. Dunn,* 530 S.W.2d 45, 47 (Mo.App.1975), and cases cited therein. Employer's second and final point is legally inert and does not justify disturbance of the jury verdicts and the ensuing judgments rendered.

Judgments affirmed.

All concur.