**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Ralph BAILEY,
Defendant-Appellant.**

No. 12935.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 14, 1983.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Nov. 4, 1983.

Application to Transfer Denied
Dec. 20, 1983.

John D. Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James D. McNabb, Asst. Public Defender, Springfield, for defendant-appellant.

GREENE, Chief Judge.

Defendant, James Ralph Bailey, a persistent offender, having been previously convicted of three felonies, appeals his convictions for second degree burglary and stealing, and subsequent 15 year sentences for each.

The record of Bailey's trial contains evidence that shows, beyond any reasonable doubt, that Bailey, on November 24, 1981, entered the home of John Matlock by prying open a locked door, and stole stereo equipment belonging to Matlock that Bailey later tried to sell.

■ Bailey relies on three grounds of alleged trial court error, all of which are without merit. He first claims trial court error for failure to suppress the testimony of police officer Joe King, who stated that when Bailey's co-defendant, Shelia Miller, was being booked, Bailey said, "She didn't have anything to do with it. She didn't know what I was going to do." The prosecutor first became aware of this statement the night before trial during an interview with King. He immediately tried to contact defense counsel, but was unable to reach him until the next morning, at which time he relayed the substance of officer King's remarks to defense counsel. Defense counsel was given ample time to talk to King before the trial started. We fail to see how the admission of the testimony in question resulted in fundamental unfairness to defendant. The disclosure to defense counsel of what King would say was timely, and the denial of defendant's motion for mistrial because of King's testimony on the basis of untimely disclosure was not an abuse of the trial court's discretion.

*State v. Royal*, 610 S.W.2d 946, 951 (Mo. banc 1981).

■ Bailey's two remaining allegations of error which are 1) the imposition of consecutive 15 year sentences for the crimes in question, and 2) denial of defendant's motion for mistrial after officer King testified that he had known Bailey for 10 or 12 years, are not supported by any citation of authority in defendant's brief, in violation of Rule 30.06(d), V.A.M.R. Since defense counsel has offered no explanation as to why precedent is unavailable [*Willis v. State*, 630 S.W.2d 229, 234 (Mo.App.1982) ], these two points relied on are deemed abandoned. *State v. Fingers*, 564 S.W.2d 579, 584 (Mo.App.1978).

We note in passing that there can be no complaint of excessive punishment where, as here, the punishment is within the limits imposed by law and is justified by the facts and circumstances of the case, and second, the fact that a person is known by a police officer does not support an inference that such person has a police record.

An extended opinion would have no precedential value.

FLANIGAN, P.J., and TITUS, J., concur.

CROW, J., recused.