## STATE of Missouri, Respondent,

v.

## Charles McKINNEY, Appellant.

### No. 50477.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1986.

Application to Transfer Denied
Nov. 18, 1986.

Robert A. Margulis, Stephen A. Moore, Asst. Circuit Attys., George A. Peach, Circuit Atty., St. Louis, for respondent.

Devereaux & Stokes, Daniel R. Devereaux, and Thomas J. Prebil, St. Louis, for appellant.

SIMON, Judge.

Charles McKinney, defendant, was convicted in a court tried case of promoting pornography in the second degree. § 573.-030 RSMo 1978. He was sentenced to pay a fine of $100.00.

A rendition of facts pertinent to this appeal follows: On February 21, 1985, detectives Philipak and Zouglas of the St. Louis Police Department investigated a book store located at 4626 Gravois Road in the City of St. Louis. The store is called "Bobbie's Books" and was subjected to investigation because allegedly obscene material was being sold there. On that day, Detective Philipak obtained a magazine from the store containing explicit sexual material. Defendant arrived at the store approximately forty-five minutes after Philipak obtained the book and was arrested for promoting the sale of the magazine.

At trial, defendant stipulated that the magazine was of a pornographic and obscene nature. Defendant, however, denied that he had knowledge of its content and character; a requisite element of the offense for which he was convicted. At trial, the state presented three exhibits and called two witnesses.

State's Exhibit # 1 consisted of certified corporate records of Trader Bob, Inc. from

the office of the Secretary of State of Missouri. These records listed Charles McKinney as an incorporator, registered agent, president, treasurer, and a member of the board of directors. Also appearing on these records was the signature of Charles McKinney.

State's Exhibit # 2 was a City of St. Louis Merchant and Business License Tax Return for 1984 for the business, Bobbie Book Store # 3, 4626 Gravois Road, St. Louis, Missouri. The signature of Charles McKinney appears on the return, along with Trader Bob, Inc. as the name of the firm.

State's Exhibit # 3 was the magazine obtained by Detective Philipak.

All three of the State's Exhibits were admitted into evidence over defendant's objections. Defendant premised his objections to Exhibits # 1 and # 2 on the relevancy of these exhibits. More specifically, defendant argued that there was no proof by the state that the person who signed the exhibits was the defendant. As to the admission of Exhibit # 3, defendant generally objected.

The first witness called by the state was Detective Philipak. Philipak testified that during his investigation he had observed defendant visit the book store everyday. He testified that he had been present during four or five previous investigations when the defendant had been arrested for promoting pornography. He had heard the defendant being advised of his rights and why he was being arrested. On cross examination, Philipak testified that he had never personally met or talked to the defendant, nor had he discussed the magazine in question with the defendant.

The state's second witness was Detective Zouglas. Zouglas testified that the general nature of all materials for sale at the book store was pornographic. He testified that the books and magazines for sale depicted various sexual acts including homosexuality, sodomy, oral sex, and intercourse. He identified defendant at trial as having been arrested at the store on February 21, 1985, and also testified that he was familiar with defendant from previous investigations and arrests of the defendant for promoting pornography.

At the conclusion of the state's case the defendant moved for a directed verdict of acquittal. This was denied. No evidence was presented by the defendant.

As we discern from the briefs and the record, the central issue on appeal is whether defendant had "knowledge of the content and character" of the admittedly pornographic magazine. In order to prove the knowledge element of the crime the state attempted to show, by use of Exhibits # 1 and # 2, that defendant, as principal officer, director, and incorporator of the corporation operating Bobbie's Books, knew of the content and character of the items sold there—i.e. the magazine in question. The state also attempted to prove knowledge by showing that the defendant had been arrested for the same offense four or five times in the past and that he had visited the bookstore everyday during the period of investigation.

■ It is well settled that the element of knowledge must be proved beyond a reasonable doubt in order to convict a person for promoting pornography. *Smith v. People of the State of California,* 361 U.S. 147, 80 S.Ct. 215, 219, 4 L.Ed.2d 205 (1959). This requirement has been codified in the statute defining the crime. § 573.030 RSMo 1978. In order to satisfy this requirement the state must show "some knowledge of the nature of the contents of the publication" on the part of the defendant. *State v. Smith,* 422 S.W.2d 50, 62 (Mo. banc 1967). It is not necessary, however, that the defendant know that the publication's contents are obscene. *State v. Flynn,* 519 S.W.2d 10, 13 (Mo.1975); *State v. Schamma,* 659 S.W.2d 589, 592 (Mo.App.1983). The element of knowledge may be established by circumstantial evidence. Eyewitness testimony of a bookseller's perusal of the magazine is not required. *Smith v. California,* 80 S.Ct. at 219; *Schamma,* 659 S.W.2d at 592. It is permissible to infer knowledge of porno-

graphic content from all the relevant and admissible evidence in the case.

■ Defendant does not dispute the foregoing principles. He argues, however, that there is no evidence to support his knowledge of the content and character of the magazine. Defendant maintains that, in Missouri, there must be evidence of a statement made by the accused to demonstrate his knowledge of the content of an allegedly obscene item. Defendant claims that because neither Detective Philipak nor Detective Zouglas had any conversation or other contact with defendant concerning the magazine in question there is no evidence from which scienter can be inferred. We disagree. Defendant correctly points out in his brief that "[c]ircumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist." *State v. Famber,* 358 Mo. 288, 214 S.W.2d 40, 43 (1948); MAI–CR2d 33.42. Circumstantial evidence used to establish knowledge need not consist of statements of the accused. As defined, such evidence may be comprised of any evidence that makes reasonable the inference that the ultimate fact exists.

As noted, the circumstantial evidence in the case at bar is state's Exhibits # 1 and # 2 (corporate records and license tax receipt) and the testimony by Detectives Philipak and Zouglas concerning defendant's prior arrests. Defendant argues that all this evidence was improperly admitted. We deal with each item separately.

Exhibit # 1 consisting of certified corporate records of an entity named Trader Bobs, Inc. Under § 490.180 RSMo 1978, such records are admissible in our courts without anything further.

Defendant maintains, however, that the records are irrelevant in that no foundation was laid connecting him with the records introduced. The state did not offer evidence to establish that the Charles McKinney on trial was the same Charles McKinney who was named in, and whose signature appeared on, the corporate records. Hence, it is argued, the records do not show that defendant was involved in the operation of Bobbie's Books and, therefore, do not constitute circumstantial evidence of his knowledge. We disagree.

■ First, Trader Bob's, Inc. was connected to Bobbie's Books through state's Exhibit # 2, the license tax receipt. Trader Bob's, Inc. appears as the firm name doing business under the trade name of Bobbie's Books. (The admissibility of the tax receipt will be discussed *infra.*) Second, defendant is linked to the corporate records under the identity doctrine. It has long been held in Missouri that identity of names is prima facie evidence proof of the identity of the person. *See, State v. Kelso,* 76 Mo. 505, 507 (1882); *State v. McGuire,* 87 Mo. 642, 643 (1885). *See also,* 65 C.J.S. Names § 15(2). However, the presumption of identity of person from identity of names is not conclusive. The presumption is rebuttable, but sufficient to shift the burden of going forward with evidence. It is liable to be shaken by the very slightest proof of facts or showing of circumstances which produce a doubt of identity. *Jones v. Phillips Petroleum Co.,* 186 S.W.2d 868, 873 (Mo.App.1945).

■ In the instant case, the name on the corporate records is identical to that of the defendant; Charles McKinney. It is presumed that they are one and the same person until evidence is presented to the contrary. *State v. Davis,* 367 S.W.2d 517, 521 (Mo.1963). Defendant did not do so. Thus, a requisite link between the records and the defendant exists so as to constitute evidence that the defendant was a principal in the operation of Bobbie's Books. These records are circumstantial evidence of his knowledge.

Exhibit # 2, the license tax receipt, was objected to by defendant on the same grounds of relevancy as Exhibit # 1. No hearsay or foundation objection was raised at trial and accordingly they will not be considered on appeal. *State v. Jones,* 569 S.W.2d 15, 16 (Mo.App.1978). The only objection preserved is that the state failed to connect defendant with the tax receipt. Once again, however, the identity of de-

fendant was established through the presumption of identity of name. Defendant did nothing to refute this. Thus, defendant's contention is without merit.

■ Defendant's final contention is that the trial court erred in allowing testimony about defendant's previous arrests for promoting pornography. Defendant first argues that the testimony by Detective Philipak constituted hearsay in that his information about defendant's prior arrests was based on "conversations" with other police officers. This is not what is reflected in the transcript. Detective Philipak testified that he was present on the previous occasions when defendant was arrested. He was not the arresting officer, but he knew of his own knowledge why defendant was being arrested. This is not hearsay. This testimony was based on personal observation and knowledge. For this reason, no arrest record was necessary to prove the prior arrests.

Defendant next argues that his prior arrests cannot be used to show knowledge because he had never been convicted on any of the charges. First, he asserts that because there were no convictions, it is just as logical to conclude that his prior arrests without conviction showed a lack of knowledge, as well as its presence.

■ The well established general rule is that evidence of separate and distinct crimes or bad acts is not admissible, unless it has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. *State v. Trimble,* 638 S.W.2d 726, 732 (Mo. banc 1982). Here the evidence was probative of a material element of promoting pornography, namely defendant's knowledge. All the prior arrests testified to were for promoting pornography, crimes identical to the instant case. At the very least, the arrests are indicative to defendant's knowledge that the materials carried by Bobbie's Books were of a pornographic nature. Therefore, it was properly admitted. That other inferences may be drawn is of no consequence. What matters is that the testimony has a legitimate tendency to establish defendant's guilt in this case.

Next, defendant argues that it was prejudicial error for the court to have admitted the testimony of defendant's prior arrests because knowledge is not an exception to the general rule barring such testimony. Defendant admits that the purpose for which the prior arrests were introduced was as evidence of defendant's knowledge of the content and character of the magazine. He denies, however, that this is an exception to the general rule prohibiting proof of prior bad acts when there has been no conviction. We do not agree.

In *State v. Cheesebrew,* 575 S.W.2d 218 (Mo.App.1978), the defendant was charged with possession of marijuana. The trial court admitted testimony by a police officer that he had observed marijuana in the defendant's trailer on an earlier date. The defendant objected because the evidence was of a crime different from that which defendant was charged. In *Cheesebrew,* we said, in affirming the trial court:

> It was necessary in this case for the state to show that the defendant *knew* of the character of the substance, and that he was intentionally in possession of it. The fact that there was a quantity of marijuana in defendant's trailer and that it was being used by defendant and others in this trailer on February 25 had a legitimate tendency to prove that he *knew* of the character of the substance and that his possession on March 5 was intended. 575 S.W.2d at 222. (emphasis added).

In the present case, proof that defendant had been arrested previously for the identical offense for which he was tried was logically pertinent as tending to prove he knew of the content and character of the magazines available in the bookstore. As such, the evidence constituted one of the exceptions to the rule prohibiting proof of other crimes and the testimony was properly admitted.

■ Thus, there is ample circumstantial evidence to support defendant's knowledge. Judgment affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.