**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Bobby D. BOSWELL,
Defendant-Appellant.**

No. 14556.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 4, 1986.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Victor W. Head, Garrett & Woods, Monett, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of leaving the scene of a motor vehicle accident. § 577.060, RSMo Supp. 1984. Defendant was sentenced to 6 months' imprisonment in the Barry County jail. He appeals.

Defendant's brief has two "Points Relied On". He contends in the first point that evidence of his intoxication at the time of the accident should not have been admitted. In the second point defendant complains of the admission of testimony that he threatened the highway patrol trooper who arrested him. Defendant cites no authority under those points or in the argument portion of the brief. The only citation of authority in the brief is the reference in the jurisdictional statement to sections of the Missouri Constitution and Missouri statutes relating to this district's jurisdiction.

Rule 30.06(d) requires that the points relied on "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous with citations of authorities thereafter." Under that rule if a point is one for which authority is appropriate and available appellant is required to cite it; if authority is not available, the brief should explain why. *State v. Bailey*, 672 S.W.2d 682, 683 (Mo.App. 1983); *Willis v. State*, 630 S.W.2d 229, 234 (Mo.App.1982).

Absent a proper explanation as to why authority is unavailable, points relied on without a citation of authority are deemed to have been waived or abandoned. *State v. Bailey*, supra, 672 S.W.2d at 683; *State*

---

*v. Fingers,* 564 S.W.2d 579, 584 (Mo.App. 1978).

No explanation is stated in the brief as to why authority could not be cited here. Obviously it would be available for defendant's contentions. Defendant's points relied on have been abandoned.

As no "plain error" under Rule 30.20 is present, the judgment is affirmed.

HOGAN, FLANIGAN, and MAUS, JJ., concur.