STATE of Missouri, Respondent,

v.

Albert G. McNORTON, Appellant.

No. 52746.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied
May 17, 1988.

William J. Shaw, Public Defender, Maria V. Perron, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his jury conviction for burglary, second degree, § 569.170, RSMo 1986. Defendant was found to be a persistent offender and sentenced to ten years' imprisonment to be served consecutively to another ten-year sentence previously imposed. We affirm.

Victim resided with his grandparents. On May 26, 1986, at approximately 9:30 p.m., victim was walking up his driveway when he noticed the garage door was open approximately two feet. He then saw defendant crawling out from under the garage door.

Defendant ran and victim gave chase. Victim cornered defendant in the backyard, and defendant brandished what appeared to be a knife. Victim knocked the object out of his hand and the chase continued. Victim threw two rocks at defendant hitting him with one of them. Victim picked up a lawn chair, continued to chase defendant, and hit defendant with the chair, knocking him to the ground. Victim held defendant down until the police arrived. Before the police arrived, victim's grandmother came out and asked defendant what was "going on." Defendant said "I'm just trying to make a buck." Victim's grandmother went back into the house.

At this point, the police arrived, responding to a call concerning a "fight in progress." Upon arriving, Officer Folluo found defendant lying on the ground. Officer Folluo and Sergeant Murphy arrived at approximately the same time. Victim was holding defendant down with a lawn chair. Folluo had victim move away from defendant and asked him what he was doing there. Defendant told Folluo that his car had broken down and he had been walking. Folluo then asked defendant if he needed medical attention, and he summoned a paramedic. After speaking to both parties and Sergeant Murphy, Folluo again asked defendant what he was doing in the area. Defendant then stated he had been riding in a car that his wife was driving and they got into an argument and he got out. Due to the conflicting statements, victim's statement, and the evidence found by Murphy at the garage, Folluo placed defendant under arrest.

Defendant asserts error in the overruling of his motion to suppress his statements to Folluo. Defendant asserts a custodial interrogation had taken place and Folluo failed to properly inform him of his constitutional rights per *Miranda*.

Folluo was called to the scene to investigate a fight. He had no idea who was at fault until after he arrived upon the scene and questioned the parties. Accordingly, the motion to suppress was properly denied because the comments were made during Folluo's on-the-scene investigation and not as the result of a custodial interrogation. A person is not in custody when he is being asked investigatory questions by the police. "[P]olice officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect." *Oregon v. Mathiason*, 429 U.S. 492, 495[2], 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977); *State v. Prewitt*, 714 S.W.2d 544, 548 (Mo.App.1986). There is no *Miranda*

requirement without both custody and questioning. *Prewitt,* 714 S.W.2d at 548[2].

Defendant further objects to the use of his oral statement at his trial, "I'm just trying to make a buck," on the basis that this statement was not disclosed to his lawyer until a few days before trial.

During trial the victim testified he heard defendant make a statement to his grandmother in his presence. This statement was not revealed to anyone until approximately four days before trial. The State notified defense counsel as soon as practicable after they learned of the statement. Not only did defendant have at least three days' notice before trial, but additionally, the judge gave defendant time to investigate and interrogate the witness concerning the statement before trial started. There is nothing in this record to show any fundamental unfairness as a result of defendant's lawyer not having this information prior to that time. *State v. Bailey,* 672 S.W.2d 682 (Mo.App.1983).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.