**Paul D. FREEMAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15494.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 10, 1989.

Motion for Rehearing or Transfer
Denied Feb. 1, 1989.

Application to Transfer Denied
March 14, 1989.

Gary L. Robbins, Public Defender, Scott A. Albers, Asst. Public Defender, Jackson, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

In this proceeding under former Rule 27.26, movant Paul D. Freeman seeks post-conviction relief from convictions of: (1) assault in the first degree in violation of § 565.050, RSMo 1978; (2) robbery in the first degree in violation of § 569.020, RSMo 1978, and (3) armed criminal action in violation of § 571.015, RSMo 1978. The jury which convicted the movant (hereinafter the defendant) assessed his punishment at life imprisonment for each offense. It was ordered that the sentences be served consecutively. On direct appeal this court affirmed the judgment of conviction. *State v. Freeman,* 702 S.W.2d 869 (Mo.App.1985). Thereafter, the defendant filed this motion for post-conviction relief in the Circuit Court of Scott County. By an order incorporating findings of fact and conclusions of law, the trial court denied relief on August 18, 1987. Inasmuch as sentence was pronounced prior to January 1, 1988, and this post-conviction proceeding was pending before the effective date of present Rule 29.-15, the appeal is governed by the provisions of former Rule 27.26.

The basic facts of the case are simply and directly stated in the opinion by which this court affirmed the judgment on direct appeal. In the early morning of December 27, 1983, defendant, armed with a gun, entered a Piggly Wiggly store in Sikeston and asked store employee Wesley Francis for change for a $20 bill. While Francis was complying with the request, defendant knocked him to the floor and took over $70 from the cash register. Defendant

then shot Francis three times in the head. Although Francis survived, his injuries were severe and rendered him blind in his left eye and deaf in his left ear. The events were witnessed by another store employee, Melvin Moon. *State v. Freeman,* 702 S.W.2d at 870–71.

In this court, the defendant has briefed four points. Point I will serve as an example. As stated, defendant's point is that "the court erred in failing to sustain appellant's allegation in grounds 'C' and 'J' of appellant's post-conviction relief motion because defense counsel's trial preparation was shown to be wholly ineffective in that counsel admitted his investigator had never contacted the witnesses 'essential' to the defense or reviewed their testimony with them." The following statements are appended to the point:

> "See record on appeal pp. 28,29 for appellant's ground 'C' alleging ineffective trial preparation in failing to procure Sadie Washington and Willie Jones for trial. See the record on appeal, pp. 77–79 for the court's decision overruling ground 'C' paragraph 15(C).
>
> See record on appeal p. 41 for appellant's ground 'J' alleging failure to provide an adequate defense. See record on appeal pp. 85,86 for the court's decision overruling ground 'J' in paragraph 15(J)."

Points II and III are briefed in much the same fashion. We are advised of the ruling counsel considers to be erroneous and we are informed where the erroneous ruling appears. We are not, however, cited to any authority in support of the first three assignments of error. Inasmuch as the defendant has cited no authority and has offered no explanation why precedent is not available, the first three points must be considered waived or abandoned. *State v. Boswell,* 715 S.W.2d 582, 583 (Mo.App.1986); *State v. Bailey,* 672 S.W.2d 682, 683 (Mo.App.1983); *State v. Fingers,* 564 S.W.2d 579, 584 (Mo.App. 1978).

The defendant's fourth point is that the motion court erroneously denied relief because the defendant established prosecu-torial misconduct in failing to inform the defendant that the victim would identify the defendant at trial. We are cited to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Ghan,* 721 S.W.2d 128 (Mo.App.1986). In *Brady,* the United States Supreme Court held that the government's failure to disclose evidence favorable to a defendant who specifically requested it violates the defendant's due process rights when the evidence is material to guilt or punishment. *State v. Ghan* discusses the duty of the prosecutor under the rules of criminal discovery and his duty of disclosure under the principles articulated in *Brady* and in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). *See State v. Ghan,* 721 S.W.2d at 131–34. There is no doubt that independently of formal rule or procedure a prosecutor has a duty to disclose to a criminal defendant evidence that is material either to guilt or punishment, even if the evidence is useful only to impeach the credibility of the prosecution's witnesses. *United States v. Shaffer,* 789 F.2d 682, 687–89 (9th Cir.1986); *State v. Ghan,* 721 S.W.2d at 131–32. It is not generally believed, however, that *Brady* or its progeny require disclosure of neutral or inculpatory evidence. *See* Project: Criminal Procedure, 76 Geo.L.J. 521, 811 and authorities cited n. 1390 (1988).

In this case, the defendant argues that the prosecution violated its constitutional duty of voluntary disclosure by failing to inform defense counsel that the victim would identify the defendant at the trial. The difficulty with the point is that examination of the trial transcript shows that trial counsel was fully aware of the statement he was entitled to have disclosed. The original trial transcript of Wesley Francis' testimony shows that Francis testified as follows:

\*　　\*　　\*　　\*　　\*　　\*

"Q. Mr. Francis, I have to ask you a couple [of] tough questions. I think back some months ago, I don't know what kind of physical shape you were in, but you may have had a tough time, you testified [at the] preliminary hearing; isn't that right?

A. Yes, sir.

Q. And that was January 25th, 1984?

A. Yes, sir.

Q. Wasn't that across the street in the Associate Circuit Court?

A. Yes, sir, it was.

Q. *I was reviewing my notes just a minute ago and I remembered you saying that you couldn't identify the person that hit you.* Didn't you say that?

A. I said I didn't see him in the courtroom. I said I couldn't say that it was [he] because I was under oath and I had to tell the truth.

Q. Absolutely, Mr. Francis, I agree. *But I distinctly remember you saying that you could not identify the person that shot you that day, and now we are five months later and you are saying that Mr. Freeman is the man that shot you.* I would just like to know what the difference is.

A. Because—all right; I heard his voice. His voice was the last thing I heard before he shot me...." (Emphasis supplied)

Addressing the merits of this point, we see that the constitutional duty of voluntary disclosure imposed upon the prosecutor extended to evidence impeaching the credibility of a key witness for the State, as well as exculpatory evidence. *United States v. Shaffer,* 789 F.2d at 687; *State v. Ghan,* 721 S.W.2d at 132. Quite contrary to the public defender's position, the "impeaching evidence" in this case was the victim's statement, made at the preliminary hearing, that he could *not* identify the defendant as his assailant. It is quite clear from the record that defendant's trial counsel was fully aware of the statement he now argues should have been disclosed. This point is wholly devoid of merit.

For the reasons noted and set forth, the judgment is affirmed.

FLANIGAN, P.J., and MAUS and PREWITT, JJ., concur.