STATE of Missouri,
Plaintiff–Respondent,

v.

Charles McKINNEY,
Defendant–Appellant.

Nos. 52422, 52423.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 21, 1989.

Application to Transfer Denied
May 16, 1989.

Steven R. Ohmer, St. Louis, for plaintiff-respondent.

Daniel R. Devereaux, St. Louis, for defendant-appellant.

SIMON, Judge.

In bench-tried cases, defendant, Charles McKinney, was charged with ten counts of promoting pornography in the second degree in Circuit Cause # 861–00771 and one count of promoting pornography in the second degree in Circuit Cause # 869–02570–B in violation of § 573.030 RSMo (1978). (All further references shall be to RSMo (1978) unless otherwise noted.) The alleged offenses under Circuit Cause # 861–00771 occurred on January 6, 1986 involving a magazine entitled *Conne Xion* (Count I); on January 2, 1986 involving magazines entitled *Lustful Action* and *P——y Masters* (Count II); on November 26, 1985 involving a magazine entitled *Lusty Ladies* (Count III); on July 18, 1985 involving a magazine entitled *Hot Tricks* (Count IV); on January 9, 1985 involving a video tape entitled *Lust in the Fast Lane* (Count V); on December 6, 1984 involving a magazine entitled *Beach Blonde* (Count VI); on September 7, 1984 involving a magazine entitled *Swedish Erotica* (Count VII); on October 24, 1984 involving a magazine entitled *Hot Black P——y* (Count VIII); on February 8, 1985 involving a magazine entitled *C——y Gal* (Count IX); and on August 10, 1984 involving a magazine entitled *A— Attack #2* (Count X). The alleged offense under Circuit Cause # 869–02570–B occurred on June 6, 1986 involving a magazine entitled *Sister–Trio*.

Defendant was found guilty on Counts I, and III through X in Circuit Cause # 861–00771 and on the single count of Circuit Cause # 869–02570–B. A judgment of acquittal was entered with respect to Count II in Circuit Cause # 861–00771. He was sentenced to 30 days imprisonment and fined $1000 on each of the counts. The sentences on Counts I, III, IV, V, and VI of Circuit Cause # 861–00771 were to be served consecutively. The sentences on Counts VIII, IX, and X of Circuit Cause # 861–00771 and the single count of Circuit Cause # 869–02570–B were to be served concurrently. A conflict exists as to whether Count VII in Circuit Cause # 861–00771 was to be served consecutively or concurrently due to an inconsistency in the record which will be discussed later.

In his consolidated appeal, defendant contends that: (1) § 573.010, the statute defining "pornographic" as applied in § 573.030, the statute under which defendant was charged, tried, and convicted, is unconstitutional; (2) the trial court erred in overruling defendant's motion to dismiss certain counts since the alleged actions occurred prior to the one year statute of limitations for misdemeanors; (3) the trial court erred in overruling defendant's motion for a directed verdict in Circuit Cause # 869–02570–B because the state failed to prove that, as charged in the information, "Defendant, knowing its content and character, promoted pornographic material for pecuniary gain...."; (4) the trial court erred in overruling defendant's motion for a directed verdict on both causes because the state failed to prove defendant knew the content and character of the alleged pornographic material, an element of the charge known as scienter, without which there can be no valid conviction; and (5) the sentences imposed are excessive and constitute cruel and unusual punishment. We affirm in part, reverse in part, and remand with instructions.

Initially, we transferred these causes to our Supreme Court for a resolution of defendant's first point on appeal challenging the constitutional validity of § 573.010. Specifically, defendant claimed that under the decisions in *Pope v. Illinois,* 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987) and *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the definition of "pornographic" embodied in § 573.010, and as applied in § 573.030, is unconstitutional. These sections were subsequently repealed and replaced by new §§ 573.010 and 573.030 by emergency act on July 15, 1987 in an effort to maintain state law in compliance with federal law.

Our Supreme Court, retransferring these causes to our court in *State v. McKinney,*

756 S.W.2d 527 (Mo. banc 1988) concluded that:

> In these circumstances, there is no reason to order retrials if it can be said beyond a reasonable doubt that the convictions in these cases were not affected by the erroneous wording of the statute. An otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.

*Id.* at 530[2] (citation omitted). Therefore, we must determine whether the convictions were affected by the erroneous wording of the statute and whether the constitutional error was harmless beyond a reasonable doubt, and review defendant's other points on appeal.

Determining whether the convictions were affected by the erroneous wording of the statute and hence, whether the constitutional error was harmless, requires a review of the evidence. The video in Count V, *Lust in the Fast Lane*, and the magazine in Count X, *A— Attack #2*, are not included in the record on appeal. "It is an appellant's duty to ensure that the record on appeal includes all the evidence and proceedings necessary for determination of the questions presented." *State v. W_____ F. W_____*, 721 S.W.2d 145, 153[9] (Mo.App.1986); Rule 30.04(a). Thus, defendant's point raised on appeal as to Counts V and X has not been preserved for our review.

█ The magazines involved in the other counts have been included in the record on appeal, and therefore are available for our review. This material contains explicit pictures depicting similar activities found in the magazines we reviewed in *State v. McKinney*, 763 S.W.2d 702 (Mo.App.1989). Therefore, we conclude that this material is pornographic beyond a reasonable doubt, the convictions were not affected by the erroneous wording of the statute, and the constitutional error was harmless, adopting the holding of *State v. McKinney*, 763 S.W.2d 702 (Mo.App.1989).

In his second point, defendant contends that the trial court erred in overruling his motion to dismiss the single count in Circuit Cause # 869–02570–B and Counts V—X in Circuit Cause # 861–00771 based upon the expiration of the statute of limitations for misdemeanors. The applicable statute, § 556.036.2(2), states that prosecutions for misdemeanors must be commenced within one year.

Defendant argues in his brief that, in Circuit Court Cause Number 869–02570–B, defendant was charged by an information dated June 15, 1987, in the Circuit Court of the City of St. Louis with one count of promoting pornography second degree, a class A misdemeanor, in violation of § 573.030. The allegation referred to a sale which allegedly took place on June 6, 1986 and involved a certain magazine and, therefore, the action involved occurred outside the one year statute of limitations. In support of this argument, defendant refers us to the information contained in the legal file. A review of this information clearly indicates that it was dated and filed on June 15, 1986 rather than June 15, 1987. Hence the count in Circuit Cause # 869–02570–B clearly falls within the one year statute of limitations.

Defendant also argues that Counts V through X of Circuit Cause # 861–00771 should have been dismissed because the indictment on these counts fell outside the one year statute of limitations for misdemeanors. The record indicates that his motion at trial was made only with respect to Counts VI through X. The trial court denied the motion when the state revealed that the indictment had been substituted in lieu of timely filed informations on these counts.

█ Defendant's failure to include Count V in his motion normally would preclude him from raising the issue for the first time on appeal. However, since the issue is jurisdictional it may be raised on appeal. The statute of limitations in a criminal case is not merely a statute of repose but creates a bar to prosecution that deprives the court of jurisdiction. *State v. Civella*, 364 S.W.2d 624, 627[2, 3] (Mo.App. 1963) (defendant who had pled guilty was allowed to raise the expiration of the stat-

ute of limitations for the first time on appeal). Here, the record discloses no timely filed information on Count V. The indictment was filed on March 13, 1986 and the sale of the video tape occurred on January 9, 1985. Thus, the indictment was filed beyond one year, and the conviction on Count V must be reversed.

As for Counts VI through X, defendant alleges that "[h]ere there are no facts in the record, except the bald assertion of the prosecutor who was not sworn as a witness, that the indictment was one in lieu of information which had been timely filed. Not only does the indictment not allege facts which if proved would toll the statute, but no evidence was ever introduced at trial to prove such circumstances as were asserted by the prosecutor." Our review of the record on appeal reveals that the timely filed informations for these counts were included as a supplement to the legal file in *State v. McKinney*, 763 S.W.2d 702 (Mo.App.1989) which was tried in the circuit court with the present case and also presented on appeal with the present case. A review of the informations reveal that they were filed within one year. We find no error.

■ In his third point, defendant contends that the trial court erred in overruling his motion for a directed verdict in Circuit Cause # 869–02570–B because the state failed to prove that, as charged in the information, "Defendant, knowing its content and character, promoted pornographic material for pecuniary gain...." in that the evidence clearly indicated that the magazine in question was sold by someone other than defendant, and that defendant was not at the bookstore at the time of purchase. To buttress his argument, defendant compares the wording of the information in Circuit Cause # 869–02570–B ("Defendant, knowing its content and character....") with the indictment in Circuit Cause # 861–00771 ("Defendant, and another person, knowing its content and character...."). Unlike the indictment in Circuit Cause # 861–00771, defendant argues, no allegation of agency was made in the information in Circuit Cause

# 869–02570–B. Implicit in defendant's argument, therefore, is the principle that, if someone other than defendant sells a magazine in this bookstore, an allegation of agency must be made in the charging information. Defendant cites no authority under this point. "Absent a proper explanation as to why authority is unavailable, points relied on without a citation of authority are deemed to have been waived or abandoned." *State v. Boswell*, 715 S.W.2d 582 (Mo.App.1986). Therefore, defendant's third point on appeal is deemed abandoned.

In his fourth point, defendant contends that the trial court erred in overruling his motion for a directed verdict in both circuit cause actions because the state failed to prove defendant knew the content and character of the alleged pornographic material, an element of the charge known as scienter, without which there can be no valid conviction. Although initially seeming repetitious of defendant's third point on appeal, defendant's argument essentially claims that it was error to admit, for the purpose of establishing scienter: (1) testimony concerning defendant's prior arrest record; and (2) copies of St. Louis Merchant and Business License Tax Return records.

■ In arguing that the trial court erred in admitting testimony concerning defendant's prior arrest record, defendant urges this court to reexamine its holding in *State v. McKinney*, 718 S.W.2d 583 (Mo.App. 1986) *cert. denied* —— U.S. ——, 108 S.Ct. 196, 98 L.Ed.2d 148 (1987) that evidence of prior arrests for the same offense was logically pertinent as tending to prove defendant knew of the content and character of the magazines available in the bookstore. *Id.* at 587[7]. We decline to disturb our holding and conclude that the testimony concerning defendant's prior arrest record was admissible.

■ In arguing that the trial court erred in admitting copies of St. Louis Merchants and Business License Tax Return records, defendant also urges this court to reexamine *State v. McKinney*, 718 S.W.2d 583 (Mo.App.1986) *cert. denied* —— U.S. ——, 108 S.Ct. 196, 98 L.Ed.2d 148 (1987) which

allowed similar records to be admitted as circumstantial evidence of knowledge. *Id.* at 586[5]. Although defendant objected at trial to these records on the grounds that the witness was not endorsed, the witness was not competent to testify to the signatures on the records, the request for discovery had not been complied with, and the copies were not the best evidence, he did not object to their relevancy, i.e., as circumstantial evidence of defendant's knowledge. Further, defendant's argument on appeal is directed primarily to the probative value of the records. "[A] defendant may not on appeal enlarge the objection to the admission of evidence made to the trial court.... Where the trial objection to the admission of evidence is based upon a specific ground, and a different reason for the objection is asserted on appeal, nothing is preserved for review." *State v. Hanson,* 735 S.W.2d 100, 103[6] (Mo.App.1987) (citations omitted). Relegated to plain error, we again decline to disturb our holding in *State v. McKinney,* 718 S.W.2d 583 (Mo.App.1986) *cert. denied* — U.S. —, 108 S.Ct. 196, 98 L.Ed.2d 148 (1987) and conclude that these records are admissible as evidence of defendant's knowledge.

▪ Turning to defendant's assertions that the trial court erred in overruling his objections to the admission of the copies of these records on the grounds that: (1) the witness presenting the records had not been endorsed; (2) the request for discovery had not been complied with; and (3) the evidence was not the best evidence. Since the only contention supported by citation of authority is that dealing with the question of whether the copies violated the best evidence rule, we will confine our review to that, deeming the other contentions abandoned. *See State v. Boswell,* 715 S.W.2d 582 (Mo.App.1986). Defendant argues that since the original records were not shown to be unavailable, the copies were not the best evidence. Normally, "absent agreement of the parties, a duplicated or photostatic copy of a document is not properly admissible in evidence." *State v. Armstrong,* 575 S.W.2d 847, 848[3] (Mo. App.1978). However, that general rule is based on the assumption that the best evidence rule applies. As has been aptly stated in *Klein v. General Electric Co.,* 714 S.W.2d 896 (Mo.App.1986):

> The best evidence rule is activated when the terms of a writing are in dispute, in which case the original document is deemed to be the best evidence of the terms of the writing. *Moschale v. Mock,* 591 S.W.2d 415, 419 (Mo.App.1979). Two distinct rules are involved in determining the application of the best evidence rule; one relating to proof of what the instrument contains and the other relating to the probative effect of its recitals. The best evidence rule applies only in the case of the former. *Wilborn v. Williams,* 555 S.W.2d 44, 45 (Mo.App. 1977) citing 2 Jones on Evidence, § 7.4, p. 96 (6th ed. 1972). Where the contents of a writing are not directly in issue, although the evidence contained in the writing may bear upon a fundamental issue in the case, the best evidence rule does not apply and secondary evidence may be used without accounting for the original document. *Wilborn v. Williams, supra,* at 45; *Aviation Enterprises, Inc. v. Cline,* 395 S.W.2d 306, 308 (Mo.App.1965) citing 32A C.J.S. Evidence § 787, p. 109.

*Id.* at 903[13–15].

Defendant does not argue in his brief that the copies were not the best evidence because there was a dispute regarding the contents of the documents themselves. He argues that the copies were not the best evidence as they were used to establish defendant's knowledge. Since the contents of the documents were not directly at issue, the best evidence rule did not apply.

▪ In his fifth point, defendant contends that the sentences imposed are excessive and constitute cruel and unusual punishment in the circumstances of this case in that they are disproportionate to the offenses committed. A conviction under § 573.030 is punishable under §§ 558.011.-1(5) and 560.016. The sentences and fines on each of these counts are within the range permitted under the statutes. Our own review of the record reveals an incon-

sistency, however, in the term of imprisonment with regard to Count VII. The typewritten sentence and judgment states that Count VII is to be served concurrently to sentences imposed in other counts. However, the handwritten memorandum states that Count VII shall be served consecutively to sentences imposed in other counts. Both documents are signed by the trial judge.

Punishment within the range prescribed by statute cannot be judged excessive. *See State v. Thomson*, 705 S.W.2d 38, 42[9] (Mo.App.1985); *State v. Repp*, 603 S.W.2d 569, 571[3–5] (Mo. banc 1980). Further, "a punishment within the statutory limits is not cruel and unusual unless it is so disproportionate so as to shock the moral sense of all reasonable men." *State v. Koonce*, 731 S.W.2d 431, 443[19] (Mo.App.1987). In light of the fact that defendant admits in his brief to a prior conviction on a similar charge, we conclude that the sentences imposed in this case are not so disproportionate as to shock the moral sense of all reasonable persons. *Id.* However, we remand and instruct the trial court to correct its record with regard to the sentence imposed on Count VII.

In conclusion, Count V of Circuit Cause # 861–00771 is reversed as being outside the statute of limitations, the remaining counts are affirmed, and Circuit Cause # 861–00771 is remanded for a correction of the record with respect to Count VII.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

CRANDALL and GRIMM, JJ., concur.