STATE of Missouri, Plaintiff–Respondent,

v.

TRADER BOBS, INC., Defendant–Appellant.

No. 52424.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 21, 1989.

Application to Transfer Denied May 16, 1989.

**184**

Steven R. Ohmer, St. Louis, for plaintiff-respondent.

Daniel R. Devereaux, St. Louis, for defendant-appellant.

SIMON, Judge.

In this court-tried case, defendant, Trader Bobs, Inc., was charged with seven counts of promoting pornography in the second degree in violation of § 573.030 RSMo (1978). (All further references shall be to RSMo (1978) unless otherwise noted). The alleged offenses occurred on January 6, 1986 involving a magazine entitled *Conne Xion* (Count I); on January 2, 1986 involving magazines entitled *Lustful Action* and *P——y Masters* (Count II); on November 26, 1985 involving a magazine entitled *Lusty Ladies* (Count III); on November 20, 1985 involving a magazine entitled *The Wet Ones* (Count IV); on July 18, 1985 involving a magazine entitled *Hot Tricks* (Count V); on June 29, 1985 involving a magazine entitled *A— F——ed* (Count VI); and on September 7, 1984 involving a magazine entitled *Swedish Erotica* (Count VII). A judgment of acquittal was entered with respect to Count II. Defendant was found guilty on Counts I, and III through VII and was sentenced to pay a fine of $5000 on each of the counts.

On appeal, defendant contends that: (1) § 573.010, the statute defining "pornographic" as applied in § 573.030, the statute under which defendant was charged, tried, and convicted, is unconstitutional; (2) the trial court erroneously overruled defendant's objections to the use of certain police reports by the state; (3) the trial court erroneously overruled defendant's motion to dismiss since the alleged action occurred prior to the statute of limitations for misdemeanors; (4) the trial court erroneously overruled defendant's motion for a directed verdict because the state failed to prove that defendant knew the content and character of the alleged pornographic material, an element of the charge known as scienter, without which there can be no valid conviction; and (5) the sentences imposed are excessive and constitute cruel and unusual punishment. We affirm in part and reverse and remand in part for a new trial.

We transferred this case to our Supreme Court for a determination of defendant's first point on appeal challenging the constitutional validity of § 573.010. Specifically,

defendant claimed that under the decisions in *Pope v. Illinois*, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987) and *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the definition of "pornographic" embodied in § 573.010, as applied in § 573.030, was unconstitutional. These sections have been repealed and replaced by new §§ 573.010 and 573.030 by emergency act on July 15, 1987 in an effort to maintain state law in compliance with federal law.

Our Supreme Court, retransferring the cause to our court in *State v. McKinney*, 756 S.W.2d 527 (Mo. banc 1988) concluded that:

> In these circumstances, there is no reason to order retrials if it can be said beyond a reasonable doubt that the convictions in these cases were not affected by the erroneous wording of the statute. An otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.

*Id.* at 530[2] (citation omitted). Therefore, we must determine whether the convictions were affected by the erroneous wording of the statute and whether the constitutional error was harmless beyond a reasonable doubt, and review defendant's other points on appeal.

The magazines involved in these counts against defendant, Trader Bobs, Inc., are the same as those submitted in *State v. McKinney*, 763 S.W.2d 702 (Mo.App.1989) and *State v. McKinney*, 768 S.W.2d 178 (Mo.App.1989). It is undisputed that Charles McKinney is corporate agent of Trader Bobs, Inc.

In accordance with our holding in *State v. McKinney*, 763 S.W.2d 702 (Mo.App. 1989) and *State v. McKinney*, 768 S.W.2d 178 (Mo.App.1989), we conclude that the magazines are pornographic beyond a reasonable doubt, the convictions were not affected by the erroneous wording of the statute, and the constitutional error was harmless.

In its second point, defendant contends that the trial court erred in overruling its objections to the use of certain police reports to refresh the recollections of St. Louis City Police Detectives Blanks on redirect examination and McMiller on direct examination with respect to Counts IV and VI. Defendant essentially argues that: (1) a proper foundation was not laid prior to the use of these reports; (2) when a witness testifies unhesitatingly on direct examination to certain facts, it is improper for the state to use a police report to ensure that the witness changes his testimony to supply different facts; and (3) even if a witness needs his memory refreshed, reading a writing prepared by someone else is improper unless the witness testifies that he knows the writing to be a correct statement of the facts. This point is identical to that raised in *State v. McKinney*, 763 S.W.2d 702 (Mo.App.1989) and is resolved in accordance with our holding therein.

The state argues that defendant did not preserve this issue for appellate review due to lack of specific objections at trial and failure to file a motion for new trial. We find defendant's objections to be adequate and note that, "[i]n cases tried without a jury a motion for new trial is not necessary to preserve contentions for appellate review." *State v. Cole*, 706 S.W.2d 917, 918[1] (Mo.App.1986); Rule 29.11(e)(2)(A).

The crux of the charge against defendant was the promotion of pornographic materials for pecuniary gain. Therefore, it was incumbent upon the state to establish the sale of certain pornographic materials. At trial, the state presented two witnesses, Detectives Blanks and McMiller of the vice/narcotics division, to testify to the sale of magazines entitled *The Wet Ones* on November 20, 1985 (Count IV) and *A—F—ed* on June 29, 1985 (Count VI). The identity of these magazines and the purchases are crucial elements of a charge under § 573.030.

Detectives Blanks and McMiller testified clearly and unhesitatingly as to who conducted the surveillance at the bookstore in question and the magazines selected. *See State v. McKinney*, 763 S.W.2d 702, at 705–708 (Mo.App.1989) for a rendition of

this testimony. The record does not exhibit a lack of present memory nor the need for the aid of a writing for recall before the witnesses were allowed to look at the police reports which were never admitted into evidence. The record is completely devoid of the evidentiary foundation required to permit the refreshing of the recollection of the witnesses. *State ex rel. Pini v. Moreland*, 686 S.W.2d 499, 502[5, 6] (Mo.App.1984). Thus, we conclude that the trial court erred in permitting the use of the police reports without a proper foundation for Counts IV and VI. Therefore, we must reverse the convictions on Counts IV and VI and remand for a new trial.

In its third point, defendant contends that the trial court erred in overruling its motion to dismiss based upon the statute of limitations in that the indictment alleges actions outside the one year limitation period for misdemeanors as provided in § 556.036.2(2). Although defendant states in its point that the indictment alleges actions outside the one year limitation period, its argument only mentions Count VII occurring on September 7, 1984. The indictment was filed on March 13, 1986. The trial court denied the motion when the state revealed that the indictment had been substituted in lieu of a timely filed information on this count.

Defendant argues that "[h]ere there are no facts in the record, except the bald assertion of the prosecutor who was not sworn as a witness, that the indictment was one in lieu of information which had been timely filed. Not only does the indictment on Count VII not allege facts which if proved would toll the statute, but no evidence was ever introduced at trial to prove such circumstances as were asserted by the prosecutor." Our review of the record on appeal reveals that the timely filed information for this count was included as a supplement to the legal file in *State v. McKinney*, 763 S.W.2d 702 (Mo.App.1989) which was tried in the circuit court with the present case and also presented on appeal with the present case. A review of this information reveals that it was timely filed within the one year statute of limitations for misdemeanors set out in § 556.036.2(2). We find no error.

In its fourth point, defendant contends that the trial court erred in overruling its motion for a directed verdict because the state failed to prove that defendant knew the content and character of the alleged pornographic material, an element of the charge known as scienter, without which there can be no valid conviction. Defendant's argument essentially claims that it was error to admit, for the purpose of establishing scienter: (1) copies of St. Louis Merchant and Business License Tax Return records; and (2) various corporate documents.

In arguing that the trial court erred in admitting copies of St. Louis Merchants and Business License Tax Return records, defendant urges this court to reexamine *State v. McKinney*, 718 S.W.2d 583 (Mo.App.1986) *cert. denied* — U.S. ——, 108 S.Ct. 196, 98 L.Ed.2d 148 (1987) which allowed similar records to be admitted as circumstantial evidence of knowledge. *Id.* at 586[5]. Although defendant objected at trial to these records on the grounds that the witness was not endorsed, the witness was not competent to testify to the signatures on the records, the request for discovery had not been complied with, and the copies were not the best evidence, he did not object to their relevancy, i.e., as circumstantial evidence of defendant's knowledge. Further, defendant's argument on appeal is directed primarily to the probative value of the records. Further, defendant cites no authority on endorsement of the witness, etc. "[A] defendant may not on appeal enlarge the objection to the admission of evidence made to the trial court.... Where the trial objection to the admission of evidence is based upon a specific ground, and a different reason for the objection is asserted on appeal, nothing is preserved for review." *State v. Hanson*, 735 S.W.2d 100, 103[6] (Mo.App.1987) (citations omitted). Relegated to plain error, we decline to disturb our holding in *State v. McKinney*, 718 S.W.2d 583 (Mo.App.1986) *cert. denied* — U.S. ——, 108 S.Ct. 196, 98 L.Ed.2d 148 (1987) and conclude that these

records are admissible as circumstantial evidence of defendant's knowledge.

 Additionally, defendant asserts that the trial court erred in overruling its objections to the admission of the copies of these records on the grounds that: (1) the witness presenting the records had not been endorsed; (2) the request for discovery had not been complied with; and (3) the evidence was not the best evidence. Since the only contention supported by citation of authority is that dealing with the question of whether the copies violated the best evidence rule, we will confine our review to that, deeming the other contentions abandoned. *See State v. Boswell,* 715 S.W. 2d 582 (Mo.App.1986). Defendant argues that since the original records were not shown to be unavailable, the copies were not the best evidence. Normally, "absent agreement of the parties, a duplicated or photostatic copy of a document is not properly admissible in evidence." *State v. Armstrong,* 575 S.W.2d 847, 848[3] (Mo. App.1978). However, that general rule is based on the assumption that the best evidence rule applies. As has been aptly stated in *Klein v. General Electric Co.,* 714 S.W.2d 896 (Mo.App.1986):

> The best evidence rule is activated when the terms of a writing are in dispute, in which case the original document is deemed to be the best evidence of the terms of the writing. *Moschale v. Mock,* 591 S.W.2d 415, 419 (Mo.App.1979). Two distinct rules are involved in determining the application of the best evidence rule; one relating to proof of what the instrument contains and the other relating to the probative effect of its recitals. The best evidence rule applies only in the case of the former. *Wilborn v. Williams,* 555 S.W.2d 44, 45 (Mo.App. 1977) citing 2 Jones on Evidence, § 7.4, p. 96 (6th ed. 1972). Where the contents of a writing are not directly in issue, although the evidence contained in the writing may bear upon a fundamental issue in the case, the best evidence rule does not apply and secondary evidence may be used without accounting for the original document. *Wilborn v.*

*Williams, supra,* at 45; *Aviation Enterprises, Inc. v. Cline,* 395 S.W.2d 306, 308 (Mo.App.1965) citing 32A C.J.S. Evidence § 787, p. 109.

*Id.* at 903[13–15].

Defendant does not argue in its brief that the copies were not the best evidence because there was a dispute regarding the contents of the documents. It argues that the copies were not the best evidence as they were used to establish defendant's knowledge. Since the contents of the documents were not directly at issue, the best evidence rule did not apply.

In arguing that the trial court erred in admitting various corporate documents, defendant also urges this court to reexamine *State v. McKinney,* 718 S.W.2d 583 (Mo. App.1986) *cert. denied* — U.S. ——, 108 S.Ct. 196, 98 L.Ed.2d 148 (1987) which allowed similar records to be admitted as evidence of knowledge. *Id.* at 586[5]. Additionally, defendant states that no witness was called to identify the corporate records. Scanning the record, we note that defendant's objection at trial to the admission of these corporate records was based on relevancy; not the lack of an identifying witness. Defendant may not broaden its objection on appeal. *State v. Hanson,* 735 S.W.2d at 103[6].

 We again decline to disturb our holding in *State v. McKinney,* 718 S.W.2d 583 (Mo.App.1986) *cert. denied* — U.S. ——, 108 S.Ct. 196, 98 L.Ed.2d 148 (1987) and reaffirm that corporate documents may be used as circumstantial evidence of knowledge. Further, "[t]rial court rulings regarding the relevancy, materiality, and admissibility of the evidence are discretionary and are not to be overturned absent a showing of abuse of that discretion." *State v. Atkins,* 697 S.W.2d 226, 227[1, 2] (Mo.App.1985). "Moreover, rules of exclusion of evidence are less strictly enforced in a court tried case than in a jury tried case on the assumption that the trial court will not be misled by irrelevant or incompetent evidence." *State v. Isom,* 660 S.W.2d 739, 741[2–4] (Mo.App.1983). We find no abuse of discretion in admitting this evidence.

■ Although not mentioned in its point relied on, defendant additionally asserts in the argument portion of its brief that the state attempted to show that Charles McKinney was a corporate agent and was arrested in the past for similar crimes. Trader Bobs incorporates by reference those sections of the argument in our court case number 52422 which deal with the errors connected with the entry into evidence of testimony regarding Charles McKinney's prior arrests. That previous argument encouraged this court to once again reexamine its recent case of *State v. McKinney,* 718 S.W.2d 583 (Mo.App.1986) *cert. denied,* —— U.S. ——, 108 S.Ct. 196, 98 L.Ed.2d 148 (1987) holding that evidence of prior arrests for the same offense was logically pertinent as tending to prove defendant knew of the content and character of the magazines available in the bookstore. *Id.* at 587[7]. We decline to disturb our holding in *State v. McKinney,* 718 S.W. 2d 583 (Mo.App.1986) *cert. denied* —— U.S. ——, 108 S.Ct. 196, 98 L.Ed.2d 148 (1987) and conclude that testimony regarding corporate agent Charles McKinney's arrest record was properly admissible as tending to establish corporate defendant's knowledge.

In its final point, defendant contends that the sentences imposed are excessive and constitute cruel and unusual punishment in the circumstances of this case in that they are disproportionate to the offenses committed. A conviction of a corporation under § 573.030 is punishable by fine under § 560.021.1(2) (effective January 1, 1979). The fines of $5000 imposed on each of the counts are within the range permitted under § 560.021.1(2).

■ Punishment within the range prescribed by statute cannot be judged excessive. *See State v. Thomson,* 705 S.W.2d 38, 42[9] (Mo.App.1985); *State v. Repp,* 603 S.W.2d 569, 571[3–5] (Mo. banc 1980). Further, "a punishment within the statutory limits is not cruel and unusual unless it is so disproportionate so as to shock the moral sense of all reasonable men." *State v. Koonce,* 731 S.W.2d 431, 443[19] (Mo.App. 1987). In light of the circumstances of this

case, we conclude that the sentences imposed in this case are not so disproportionate as to shock the moral sense of all reasonable persons. *Id.*

Judgment affirmed as to all counts except Counts IV and VI which are reversed and remanded.

CRANDALL and GRIMM, JJ., concur.